**HOGAN LOVELLS US LLP**
Christopher J. Cox (Bar No. 151650)
Vassi Iliadis (Bar No. 296382)
Christine Wang (Bar No. 343163)
855 Main St Suite 200,
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com
vassi.iliadis@hoganlovells.com
christine.wang@hoganlovells.com

*Attorneys for Defendant*
Gourmet Nut, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FORRETT, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOURMET NUT, INC.,<br><br>Defendant. | Case No.  5:22-cv-02045-BLF<br><br>The Honorable Beth L. Freeman<br><br>**DEFENDANT GOURMET NUT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; [CORRECTED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (DKT. NO. 22)**<br><br>**[Proposed] Order Filed Concurrently Herewith**<br><br>Date: October 6, 2022<br>Time: 9:00 AM<br>Room: Courtroom 3<br><br>Complaint filed:  March 30, 2022<br>Trial Date:  None Set |

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT,** on October 6, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, in Courtroom 3 before the Honorable Beth Labson Freeman, Defendant Gourmet Nut, Inc. ("Gourmet Nut") will and hereby does move the Court, for an order dismissing each claim for relief asserted in the Complaint on the grounds that (i) Plaintiff fails to state a claim upon which relief may be granted in accordance with Rule 12(b)(6), (ii) Plaintiff lacks Article III under Rule 12(b)(1) to standing to assert his breach of express warranties and unjust enrichment claims on behalf of a nationwide putative class, and (iii) Plaintiff similarly lacks Article III standing to assert his injunctive relief claims.

This Motion is based on this Notice of Motion and Motion, the [Corrected] Memorandum of Points and Authorities in support thereof, all pleadings and papers filed in this action, the arguments of counsel at any hearing on this Motion, and any other matter that the Court may properly consider.

Dated:     July 15, 2022                          **HOGAN LOVELLS US LLP**


By: /s/ *Christopher J. Cox*
Christopher J. Cox (Bar No. 151650)
Vassi Iliadis (Bar No. 296382)
Christine Wang (Bar No. 343163)
855 Main Street, Suite 200
Redwood City, CA  94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com
vassi.iliadis@hoganlovells.com
christine.wang@hoganlovells.com

*Attorneys for Defendant*
Gourmet Nut, Inc.

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7-4(a)(3), this Motion raises the following issues:

- Whether Plaintiff's equitable claims for unjust enrichment and violations of the UCL and FAL are barred because the Complaint fails to establish that Plaintiff lacks an adequate remedy at law.

- Whether Plaintiff's fraud-based claims under the UCL, FAL, and CLRA should be dismissed because Plaintiff fails to allege an actionable misrepresentation.

- Whether Plaintiff's UCL claim fails because the Complaint does not allege facts establishing that Gourmet Nut's conduct was "unlawful" or "unfair."

- Whether Plaintiff's breach of express warranties claim fails because Plaintiff does not identify a specific, explicit, and unequivocal guarantee that Gourmet Nut made to consumers regarding the Product's protein content.

- Whether Plaintiff's unjust enrichment claim further fails because the Complaint does not allege sufficient facts to show that any benefit Gourmet Nut received from Plaintiff was unjust, and because this claim is duplicative of Plaintiff's UCL and FAL claims.

- Whether Plaintiff lacks Article III standing to assert his breach of express warranties and unjust enrichment claims on behalf of a Nationwide putative class, where the only named Plaintiff is a California resident who purchased the Product in California and no Plaintiff allegedly purchased the Product outside of California.

- Whether Plaintiff's breach of express warranties and unjust enrichment claims further fail because they are pled on behalf of a Nationwide putative class, yet Plaintiff fails to specify which states' laws are applicable to those claims.

- Whether Plaintiff lacks Article III standing to assert claims for injunctive relief.

STATEMENT OF ISSUES

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 2

DISCUSSION ............................................................................................................... 5

I.     PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6) ........................................................................................................ 5

     A.    Plaintiff Cannot Establish That He Lacks An Adequate Legal Remedy To Support His UCL, FAL, and Unjust Enrichment Claims. ............................................................................................... 6

     B.    Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be Dismissed. ................................................................. 8

     C.    Plaintiff's UCL Claim Further Fails Because Plaintiff Cannot State a Claim for Unlawful and Unfair Practices. ................................ 12

          1.    Unlawful Conduct ........................................................ 12

          2.    Unfair Conduct ............................................................. 14

     D.    Plaintiff's Breach of Express Warranties Claim Fails. ............. 17

     E.    Plaintiff Fails To State A Claim For Unjust Enrichment. .......... 18

     F.    Plaintiff's Breach of Express Warranties and Unjust Enrichment Claims Alleged On Behalf Of A Nationwide Class Should be Dismissed. ............................................................................. 19

II.    PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF .................................................................................................... 21

CONCLUSION ............................................................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abuelhawa v. Santa Clara Univ.*,
    529 F. Supp. 3d 1059 (N.D. Cal. 2021) ......................................................................19

*In re Actimmune Marketing Litig.*,
    2009 WL 3740648 (N.D. Cal. Nov. 6, 2009)..............................................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .....................................................................................................5

*Baba v. Hewlett-Packard Co.*,
    2010 WL 2486353 (N.D. Cal. June 16, 2010) ......................................................12, 13

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019)......................................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................................5

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
    553 F. Supp. 3d 793 (C.D. Cal. 2021).........................................................................14

*Bobo v. Optimum Nutrition, Inc.*,
    2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) .........................................................10

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................................................19

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*,
    2021 WL 1176645 (N.D. Cal. Mar. 29, 2021).............................................................7

*In re Carrier IQ, Inc.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ........................................................................20

*Castaneda v. Fila USA, Inc.*,
    2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ...........................................................18

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    973 P.2d 527 (Cal. 1999) .......................................................................................12, 14

*Cheslow v. Ghiradelli Chocolate Co.*,
    2020 WL 1701840 (N.D. Cal. Apr. 8, 2020) ...............................................................9

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021) ..................................................................11, 22

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983) .............................................................................................21

*Clapper v. Amnesty Int'l USA,*
   568 U.S. 398 (2013) ...........................................................................................21

*Clark v. Perfect Bar, LLC,*
   2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) .....................................................10

*Cordes v. Boulder Brands USA, Inc.,*
   2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ......................................................22

*Cousins v. Lockyer,*
   568 F.3d 1063 (9th Cir. 2009)..............................................................................5

*Cruz v. Anheuser-Busch, LLC,*
   2015 WL 3561536 (C.D. Cal. June 3, 2015), *aff'd sub nom. Cruz v. Anheuser-*
   *Busch Companies, LLC,* 682 F. App'x 583 (9th Cir. 2017) .................................17

*Davidson v. Kimberly-Clark Corp.,*
   889 F.3d 956 (9th Cir. 2018).........................................................................21, 22

*Davis v. HSBC Bank Nev., N.A.,*
   691 F.3d 1152 (9th Cir. 2012)............................................................................14

*In re Ditropan XL Antitrust Litig.,*
   529 F. Supp. 2d 1098 (N.D. Cal. 2007) ..............................................................20

*Ebner v. Fresh, Inc.,*
   838 F.3d 958 (9th Cir 2016)................................................................................8

*Eckler v. Wal-Mart Stores, Inc.,*
   2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ......................................................13

*Edmundson v. P&G,*
   537 F. App'x 708 (9th Cir. 2013) .........................................................................9

*Elias v. Hewlett-Packard Co.,*
   903 F. Supp. 2d 843 (N.D. Cal. 2012) ..................................................................9

*Franklin v. Gwinnett Cnty. Pub. Schs.,*
   503 U.S. 60 (1992)...............................................................................................6

*French v. JP Morgan Chase Bank, N.A.,*
   2013 WL 6528510 (S.D. Cal. Nov. 25, 2013) ....................................................16

*Gardiner v. Walmart, Inc.,*
   2021 WL 4992539 (N.D. Cal. July 28, 2021)........................................................6

TABLE OF AUTHORITIES

*Goldstein v. Gen. Motors LLC*,
    445 F. Supp. 3d 1000 (S.D. Cal. 2020) .......................................................................20

*Goldstein v. Gen. Motors LLC*,
    517 F. Supp. 3d 1076 (S.D. Cal. 2021) .........................................................................6

*Gomez v. Jelly Belly Candy Co.*,
    2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ..............................................................7

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................. *passim*

*Hairston v. S. Beach Beverage Co.*,
    2012 WL 1893818 (C.D. Cal. May 18, 2012) .............................................................10

*Harris v. LSP Prod. Grp., Inc.*,
    2021 WL 2682045 (E.D. Cal. June 30, 2021) .............................................................20

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
    2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) ...............................................................22

*Hinkle v. Home123*,
    2018 WL 6112622 (C.D. Cal. Sept. 27, 2018) ............................................................15

*Hodges v. Apple Inc.*,
    2013 WL 4393545 (N.D. Cal. Aug. 12, 2013) ............................................................13

*Hodsdon v. Mars, Inc.*,
    162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018).....................15, 17

*Hovesepian v. Apple, Inc.*
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...........................................................19

*Huu Nguyen v. Nissan N. Am., Inc.*,
    2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ...............................................................6

*In re Iphone 4S Consumer Litig.*,
    2014 WL 589346 (N.D. Cal. Feb. 14, 2014)...............................................................17

*Jones v. Micron Tech. Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) .......................................................................20

*Klaehn v. Cali Bamboo, LLC*,
    2021 WL 3044166 (S.D. Cal. June 14, 2021), *aff'd*, 2022 WL 1830685 (9th
    Cir. June 3, 2022) ......................................................................................................15

*Klaehn v. Cali Bamboo LLC*,
    2022 WL 1830685 (9th Cir. June 3, 2022) .................................................................19

         TABLE OF AUTHORITIES

*Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*,
  2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) ........................................................................20

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................................21

*In re MacBook Keyboard Litig*,
  2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...........................................................................6

*Marques v. Fed. Home Loan Mortgage Corp.*,
  2013 WL 1932920 (S.D. Cal. May 8, 2013) ............................................................................16

*Matic v. U.S. Nutrition, Inc.*,
  2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) .........................................................................22

*McGinity v. Procter & Gamble Co.*,
  2021 WL 3886048 (N.D. Cal. Aug. 31, 2021) .........................................................................10

*McKinnis v. Kellogg USA*,
  2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) .........................................................................12

*Moore v. Trader Joe's Co.*,
  4 F.4th 874 (9th Cir. 2021) .....................................................................................................10

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ................................................................................................................21

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ..................................................................................9, 18

*Pardini v. Unilever United States, Inc.*,
  961 F. Supp. 2d 1048 (N.D. Cal. 2013) ...................................................................................19

*Plumleigh v. City of Santa Ana*,
  754 F. Supp. 2d 1201 (C.D. Cal. 2010) ...................................................................................19

*Porras v. StubHub, Inc.*,
  2013 WL 144045 (N.D. Cal. Jan. 11, 2013) ............................................................................14

*Prescott v. Nestle USA, Inc.*,
  2020 WL 3035798 (N.D. Cal. June 4, 2020) ............................................................................9

*Punian v. Gillette Co.*,
  2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ......................................................................8, 18

*Rasmussen v. Apple Inc.*,
  27 F. Supp. 3d 1027 (N.D. Cal. 2014) ......................................................................................9

*Romero v. Flowers Bakeries, LLC*,
  2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .............................................................................11

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ...................................................................11

*San Miguel v. HP Inc.*,
    317 F. Supp. 3d 1075 (N.D. Cal. 2018) .........................................................................16

*Schmidt v. Wells Fargo Bank, N.A.*,
    2013 WL 3187418 (N.D. Cal. June 21, 2013) ...............................................................16

*Shanks v. Jarrow Formulas, Inc.*,
    2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) ...............................................................22

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................................6, 8

*Stewart v. Kodiak Cakes, LLC*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) ............................................................10, 20, 22

*Sud v. Costco Wholesale Corp.*,
    229 F. Supp. 3d 1075 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir.
    2018) ........................................................................................................................12

*Sugawara v. Pepsico, Inc.*,
    2009 WL 1439115 (E.D. Cal. May 21, 2009) .................................................................8

*TopDevz, LLC v. LinkedIn Corp.*,
    2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) ..................................................................7

*Viggiano v. Hansen Nat. Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ...........................................................................18

*Watkins v. MGA Ent., Inc.*,
    550 F. Supp. 3d 815 (N.D. Cal. 2021) .............................................................................7

*Williams v. Apple, Inc.*,
    2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ...............................................................6, 8

*Wilson v. Frito–Lay N. Am., Inc.*,
    2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ..................................................................12

*Zaback v. Kellogg Sales Co.*,
    2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ...............................................................6, 8

**Statutes**

Cal. Bus. & Prof. Code §§ 17200 ....................................................................................8, 12, 14

Cal. Bus. & Prof. Code §§ 17500 .................................................................................................8

Cal. Civ. Code § 1770 ....................................................................................................................8, 13

Cal. Civ. Code § 1791.2(a)(1) ............................................................................17

Cal. Com. Code § 2102 ......................................................................................17

Cal. Com. Code § 2313 ......................................................................................17

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................5

**Regulations**

21 C.F.R. § 101.9(c)(7)(iii) ...............................................................................17

21 C.F.R. § 101.54 .............................................................................................17

**Other Authorities**

1 Witkin, Sum. 11th Contracts § 1050 (2022) ..................................................19

https://www.fda.gov/food/food-labeling-nutrition/changes-nutrition-facts-label
(last accessed 7/15/22) ..............................................................................10

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Every reasonable consumer knows that packages of food available at the store contain a prominent "Nutrition Facts" label on the side or back of the packages that lists, in table format, the amount of calories and nutrients contained in the products.  Defendant Gourmet Nut, Inc. ("Gourmet Nut") sells a product called "Protein Packed Trail Mix ("Product")," which contains 7 grams of protein, as the Nutrition Facts label reflects.  Plaintiff John Forrett ("Plaintiff") purchased the Gourmet Nut product in San Jose, California and—apparently ignoring the Nutrition Facts label—alleges he was misled into believing the package contained more protein than it actually does, simply because the product is named "Protein Packed Trail Mix" and because the package contains statements about the importance of protein in one's diet.  Plaintiff brings this suit against Gourmet Nut on that basis on behalf of himself and putative California and Nationwide classes.

The gravamen of Plaintiff's suit is that Gourmet Nut's product labeling is deceptive because FDA regulations and similar state law require a product claiming to be "high" in, "rich" in, or an "excellent source" of protein to contain 10 grams (not 7 grams) of protein or more per serving.  Yet, Gourmet Nut never claimed its Product was "high" in, "rich" in, or an "excellent source" of protein and expressly disclosed in its Nutrition Facts panel that the Product contained 7 grams of protein per serving.  There is nothing deceptive or misleading to a reasonable consumer by calling the Product "Protein Packed Trail Mix," when its label states exactly how much protein is in the package.  Plaintiff's claims should be dismissed for several reasons:

*First*, Plaintiff's equitable claims for unjust enrichment and violations of the UCL and FAL are barred because the Complaint fails to establish that Plaintiff lacks an adequate remedy at law.

*Second*, Plaintiff's fraud-based claims under the UCL, FAL, and CLRA should be dismissed because Plaintiff fails to allege an actionable misrepresentation.  There is no statement on the Product that is false or likely to mislead a reasonable consumer.  Nowhere does the Product's packaging remotely suggest that there would be 10 grams of protein per serving or that

the Product is an "excellent source" of protein.  Further, the Nutrition Facts label on the Product expressly and unequivocally states that the product consists of 7 grams of protein per serving.

*Third*, Plaintiff's UCL claim further fails because the Complaint does not allege facts establishing that Gourmet Nut's conduct was "unlawful" or "unfair."

*Fourth*, Plaintiff's breach of express warranties claim fails because Plaintiff does not identify a specific, explicit, and unequivocal guarantee that Gourmet Nut made to consumers regarding the Product's protein content.

*Fifth*, Plaintiff's unjust enrichment claim further fails because the Complaint does not allege sufficient facts to show that any benefit Gourmet Nut received from Plaintiff was unjust, and because this claim is duplicative of Plaintiff's UCL and FAL claims.

*Sixth*, Plaintiff lacks Article III standing to assert his breach of express warranties and unjust enrichment claims on behalf of a Nationwide class, as the only named Plaintiff is a California resident who only purchased the Product in California.  Moreover, Plaintiff also fails to specify which states' laws are applicable to these claims.

*Lastly*, Plaintiff similarly lacks Article III standing to assert claims for injunctive relief because he now knows the amount of protein in the Product; thus, even if Plaintiff could plausibly allege that the label is deceptive (and he cannot), he still would not be able to plausibly allege that *he* will be deceived by the Product's labeling in the future.

## BACKGROUND

Plaintiff, a California citizen, alleges that, in June 2020, he purchased Gourmet Nut's "Protein Packed Trail Mix" (the "Product") for "approximately $5 per bag" from a Walmart store in San Jose.  Complaint ("Compl.") ¶ 8.  Plaintiff claims that, in making his purchase, he relied upon Gourmet Nut's labeling of the Product and representation that the trail mix is "protein packed."  *Id.*

The Complaint purports to include photographs of the Product displaying the front label, the back label, and an enlarged Nutrition Facts panel from the back label.  *Id.* ¶¶ 17-19.  The front label includes the name of the product, "Protein Packed Trail Mix," and identifies the primary ingredients of the Product, including "almonds, cashews, raisins, pumpkin seeds, peanuts, and

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

cherries." *Id.* ¶ 17.  The back label includes the Nutrition Facts, as well as a statement about protein being an "essential part of muscle tissue formation" that "strengthens the immune system and keeps you fuller longer." *Id.*  It also states that the trail mix "makes a great pre- or post-workout snack as well as a delicious part of a "weight smart" diet." *Id.*  The Complaint alleges that the Nutrition Facts label shows that the Product contains, among other things, 7 grams of protein, and does not include the Percent Daily Value for protein.  *Id.* ¶¶ 17 (including image of Nutrition Facts label), 20.



**Nutrition Facts**
10 servings per container
Serving Size   1/4 cup (40g)

Amount per serving
**Calories** **190**

| | % Daily Value* |
| --- | --- |
| **Total Fat** 13g | **17%** |
| Saturated Fat 2g | **10%** |
| *Trans* Fat 0g | |
| **Cholesterol** 0mg | **0%** |
| **Sodium** 0g | **0%** |
| **Total Carbs.** 18g | **7%** |
| Dietary Fiber 2g | **7%** |
| Total Sugars 11g | |
| Incl. 2g Added Sugars | **4%** |
| **Protein** 7g | |

Vit. D 0mcg 0%  •  Calcium 26mg 2%
Iron 2mg 10%   •  Potas. 177mg 4%

*The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2000 calories a day is used for general nutrition advice.

**INGREDIENTS:** Roasted Peanuts (Peanuts, Sunflower and/or Canola Oil), Raisins (Raisins, Sunflower Oil), Roasted Almonds (Almonds, Sunflower and/or Canola Oil), Dried Cherries (Cherries, Sugar, Sunflower Oil), Pumpkin Seeds [product of China], Roasted Cashews (Cashews, Sunflower and/or Canola Oil).

**CONTAINS: Peanuts, Tree Nuts (Almonds, Cashews).**

Manufactured in a facility that processes peanuts/tree nuts. Our products may contain occasional pit, shell pieces, and other naturally occurring objects.

Manufactured by

*Gourmet Nut.*
Brooklyn, NY 11218, USA

*Id.* ¶ 17.

Plaintiff avers that while Gourmet Nut's "marketing stresse[d] the importance of protein consumption, the health benefits of its Products, and the high-protein nature of its Products," such representations were "deceptive, misleading, and unlawful." *Id.* ¶¶ 1, 3.  Specifically, Plaintiff alleges that Gourmet Nut violated identical federal and state regulations governing the labeling of food products, such as the Federal Food, Drug and Cosmetic Act ("FDCA") and the California

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

Sherman Food, Drug and Cosmetic Law, Cal. Health & Saf. Code § 110767, *et seq*, because the Product makes "nutrient content claims concerning protein content" such that "[r]easonable consumers . . . believe the term "protein packed" means that the products are "high" in protein or constitute an "excellent source of" protein. *Id.* ¶¶ 21-27, 28.  As a result, Plaintiff contends that:

(i)     FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" protein, and that is 10 grams or more per serving for protein, not the 7 grams of protein in the Product here. *Id.* ¶¶ 24, 27 (citing 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)(iii));

(ii)    While a manufacturer is generally not required to include the Daily Reference Value (DRV) for protein in the Nutrition Facts panel of a food product, "when a product's label makes a nutrient content claim related to protein content, the manufacturer is required to include the DRV" and the protein DRV for adults and children over 4 years old is 50 grams. *Id.* ¶¶ 28, 29 (citing 21 C.F.R. § 10.9(c)(7)(iii)).  Further, by "artfully omitting the DRV for protein," Gourmet Nut is able to "mislead and deceive consumers that the Products are excellent sources of protein." *Id.* ¶ 32;

(iii)   "At most, the Products contain only 70% of the protein content required to substantiate high protein claims." *Id.* ¶ 31;  and

(iv)    "The Products fail to include the Percent Daily Value for protein." *Id.* ¶ 30.

Plaintiff claims that he was injured by Gourmet Nut's purportedly "false, misleading, and deceptive representations and omissions" because he (1) "paid a sum of money for Products that were not what [Gourmet Nut] represented," (2) "paid a premium price for Products that were not what [Gourmet Nut] represented," and (3) "[was] deprived of the benefit of the bargain because the Products [he] purchased were" "different from" and "had less value than" what Gourmet Nut warranted and represented. *Id.* ¶ 41.  Plaintiff alleges that he and other consumers who purchased the Product would not have paid the same amount if the alleged misrepresentations did not occur. *Id.* ¶ 42.

Plaintiff purports to represent two putative classes – a California Class defined as "[a]ll citizens of California who, within the relevant statute of limitations period, purchased

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

Defendants' Products," and a Nationwide Class defined as "[a]ll citizens of the United States who, within the relevant statute of limitations period, purchased Defendants' Products." *Id.* ¶ 51.

Based on these allegations, the Complaint alleges claims for violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 (First Claim for Relief, ¶¶ 60-75); violations of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 (Second Claim for Relief, ¶¶ 76-82); violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 (Third Claim for Relief, ¶¶ 83-96); Breach of Express Warranties (Fourth Claim for Relief, ¶¶ 97-104); Unjust Enrichment (Fifth Claim for Relief, ¶¶ 105-110).  As relief, Plaintiff seeks "damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business practices…[and] injunctive relief to stop Defendant's unlawful conduct in the labeling and marketing of the Products." *Id.* ¶ 7; *see also* "Relief Demanded," ¶ 111(a)-(g).

## DISCUSSION

## I. PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6)

Plaintiff does not allege facts sufficient to state any plausible claim for relief.  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) ("conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.").  Rather, a complaint must allege a factual basis for each element of each cause of action.  *See Iqbal*, 556 U.S. at 678-79, 687 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice….While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Further, for claims "grounded in fraud," the pleading of those claims "must satisfy the particularity requirement of Rule 9(b)." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017); *see* Fed. R. Civ. Proc. 9(b) ("In alleging fraud or

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As set forth below, each of Plaintiff's claims against Gourmet Nut fail.

### A.      Plaintiff Cannot Establish That He Lacks An Adequate Legal Remedy To Support His UCL, FAL, and Unjust Enrichment Claims.

Plaintiff's UCL, FAL, and unjust enrichment claims are equitable claims. *See Gardiner v. Walmart, Inc.*, 2021 WL 4992539, at *7 (N.D. Cal. July 28, 2021) (UCL claims are limited to restitution and injunctive relief); *Williams v. Apple, Inc.*, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020) ("civil causes of action authorized by the UCL and FAL must properly be considered equitable, rather than legal, in nature.") (internal citations omitted); *Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1095 (S.D. Cal. 2021) ("[u]njust enrichment is an equitable rather than a legal claim[.]") (internal citations omitted).  It is a foundational tenet of equity that a plaintiff may not pursue a claim for equitable relief unless he can show that the remedies available at law are inadequate. *See Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 75-76 (1992) ("[I]t is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief."); *Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) ("[T]here is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.").  In *Sonner*, the Ninth Circuit affirmed dismissal of a UCL claim because the complaint failed to allege that the Plaintiff limits his UCL claim—as he must— to equitable remedies. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). *Sonner* applies to claims for injunctive relief and other equitable relief in addition to claims for restitution. *In re MacBook Keyboard Litig,* 2020 WL 6047253, at *3-4 (N.D. Cal. Oct. 13, 2020) ("[N]othing about the Ninth Circuit's [*Sonner*] reasoning indicates that the decision is limited to claims for restitution.") (collecting cases).

Following *Sonner*, courts have dismissed equitable relief claims at the pleading stage on that basis. *See, e.g.*, *Williams*, 2020 WL 6743911, at *9 (dismissing FAL claim because plaintiff failed to show that it does not have an adequate remedy at law.); *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (dismissing FAL and unjust enrichment claims where plaintiff failed to allege an inadequate legal remedy, as required under *Sonner*); *see*

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

*also, e.g.*, *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021) (collecting cases).

Here, Plaintiff seeks equitable remedies—as he must—in connection with his UCL, FAL, and unjust enrichment claims. *See* Compl. ¶ 74 (seeking injunctive relief and restitution in connection with UCL claim); ¶ 82 (seeking restitution in the form of "refund of the purchase price of the misbranded food" in connection with FAL claim); ¶ 110 (seeking restitution in connection with unjust enrichment claim). However, he fails to allege an inadequate remedy at law. Indeed, Plaintiff pleads *no facts* explaining why actual damages—which are sought in connection with several of his other claims for relief, *see* Compl. ¶¶ 7, 55, 57, 111—would not suffice to protect him from any past or future harm.[1] Nor does Plaintiff plausibly distinguish his requests for equitable relief from his requests for damages and interest on damages. *See In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021) (dismissing plaintiffs' UCL claim where plaintiffs failed to allege that the damages they seek are inadequate "or otherwise distinguish their request for restitution from their request for damages"); *see also TopDevz, LLC v. LinkedIn Corp.*, 2021 WL 3373914, at *5 (N.D. Cal. Aug. 3, 2021) (same). That failure is not surprising given that the same factual allegations underlie all of Plaintiff's claims and theories of relief. *See Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *2 (C.D. Cal. Aug. 18, 2017) (dismissing plaintiff's claims under the UCL and FAL, and her claim under the CLRA, to the extent it seeks equitable relief, in part because these claims are "based on the exact same conduct" as her negligent misrepresentation claim, which seeks damages).

---

[1] Indeed, Plaintiff requests interest on damages pursuant to Civil Code § 3287(a) immediately after requesting an injunction and restitution in connection with his UCL claim. Compl. ¶¶ 74-75. Further, Plaintiff's CLRA claim, as pled, only seeks injunctive relief. *Id*. ¶ 92. However, Plaintiff intends to amend the Complaint to add a claim for damages for this claim because the Complaint was filed before the statutory period to seek CLRA damages matured. *Id*. ¶ 91.

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

Because Plaintiff does not allege facts that, if true, would demonstrate that the legal remedies he seeks are inadequate, these claims should be dismissed in their entirety. *See Sonner*, 971 F.3d at 844; *Williams*, 2020 WL 6743911, at *9; *Zaback*, 2020 WL 6381987, at *4.

**B.     Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be Dismissed.**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  The FAL prohibits any "unfair, deceptive, untrue or misleading advertising." *Id.* § 17500.  And the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Plaintiff alleges violations of the UCL, FAL, and CLRA based on Gourmet Nut's purported fraudulent misrepresentations as to the protein content in the marketing, advertising, and labeling of the Product. *See* Compl. ¶¶ 63-68 (First Claim for Relief); 79-82 (Second Claim for Relief), 89-90, 93-95 (Third Claim for Relief) (collectively, "fraud-based claims").  Plaintiff fails to adequately plead his fraud-based claims because he does not allege an actionable misrepresentation.

To state a claim for violations of the FAL, CLRA, and the fraud prong of the UCL, a plaintiff must allege a statement that would be likely to mislead a reasonable consumer.  *See, e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-67 (9th Cir 2016) ("[C]laims under the California consumer protection statutes are governed by the 'reasonable consumer' test."); *Punian v. Gillette Co.*, 2016 WL 1029607, at *5 (N.D. Cal. Mar. 15, 2016) ("Under all three statutes—the FAL, the CLRA, and the fraudulent prong of the UCL—conduct is considered deceptive or misleading if the conduct is 'likely to []deceive[]' a 'reasonable consumer.' Because the same standard governs all three statutes, court often analyze the three statutes together.") (citation omitted); *Sugawara v. Pepsico, Inc.*, 2009 WL 1439115, at *4 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL and CLRA claims because consumers were "unlikely to [be] deceived[]" by the statements).  Courts in alleged misleading labeling cases have also found that the reasonable consumer test may govern the outcome under all three prongs of the UCL.  *Hadley*, 243 F. Supp. 3d at 1089-1092, 1099, 1105.

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

1   Under this standard, liability is not based on the possibility of consumers being misled in

2   an *unreasonable* manner.  *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir.

3   2019).  "Rather, the reasonable consumer standard requires a probability 'that a significant

4   portion of the general consuming public or of targeted consumers, acting reasonably in the

5   circumstances, could be misled.'"  *Id*. at 1228-29.  When the alleged facts show a reasonable

6   consumer could not be deceived, as here, dismissal is appropriate.

7   In this case, a reasonable consumer would not find Gourmet Nut's use of the phrase

8   "protein packed" in the name of the Product and on the label of the Product to be misleading for

9   at least three reasons:

10   **First**, the phrase "protein packed" is non-actionable puffery.  Puffery is "general,

11   subjective, and cannot be tested."  *Edmundson v. P&G*, 537 F. App'x 708, 709 (9th Cir. 2013).

12   As such, courts have held that the use of the term "packed" to describe a product constitutes

13   puffery.  *See, e.g.*, *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 855 (N.D. Cal. 2012)

14   (finding that "*packed with* power" was mere puffery in the advertisement of a computer)

15   (emphasis added); *see also, e.g.*, *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973-74

16   (N.D. Cal. 2008) (concluding that a statement describing a laptop as a "powerful

17   machine…*packed full* of fans and exhaust units to ensure optimum performance" was puffery)

18   (emphasis added).  The phrase "protein packed" is simply 'sales talk' because it does not express

19   how much protein is in the Product; rather, it represents Gourmet Nut's opinion of the product

20   and serves to puff up the appeal of the Product.  This is similar to how describing a product or its

21   ingredients as "premier," "premium" or "high quality" are non-actionable puffery.  *See, e.g.*,

22   *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *4 (N.D. Cal. June 4, 2020) (Freeman, J.)

23   (finding that the use of the word  "premier" on the label of a product is mere puffery that cannot

24   form the basis of a claim under the reasonable consumer standard applicable to the UCL, FAL,

25   and CLRA); *see also, e.g.*, *Cheslow v. Ghiradelli Chocolate Co.*, 2020 WL 1701840, at *17-18

26   (N.D. Cal. Apr. 8, 2020) (same, but with respect to the use of the term "premium" to describe a

27   product); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1043 (N.D. Cal. 2014) (statements

28   regarding "high quality" of product did not constitute actionable "misrepresentations about

9

specific or absolute characteristics" for purposes of CLRA claim).

   ***Second***, Gourmet Nut clearly lists the exact amount of protein (7 grams per serving) in the Nutrition Facts label on the back of the package.  Compl. ¶ 17.  The Nutrition Facts label is where any reasonable consumer would look to determine the contents of a product, including the specific grams per serving of certain nutrients and ingredients.  Indeed, the purpose of the Nutrition Facts label on food products is to "mak[e] it easier for consumers to make ***better informed*** food choices." *See* https://www.fda.gov/food/food-labeling-nutrition/changes-nutrition-facts-label (last accessed 7/15/22) (emphasis added).  It is therefore well-established that—where the amount of an ingredient or nutrient can be found on the product—a reasonable consumer could not find representations about that ingredient or nutrient to be misleading.  *See, e.g.*, *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1153 (S.D. Cal. 2021) (dismissing Plaintiffs' CLRA, FAL, and the UCL fraud claims premised on consumer deception through packaging and advertising that contained the statement "protein-packed" where the amount of protein in grams was listed on the front of the box and on the nutrition facts label on the back of the box); *see also, e.g.*, *Clark v. Perfect Bar, LLC*, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018) (no reasonable consumer could be led to believe a bar—referred to as a "health bar" on the packaging—was "healthy" and low in sugar when the product's label plainly disclosed the amount of sugar in the product); *McGinity v. Procter & Gamble Co*., 2021 WL 3886048, at *3 (N.D. Cal. Aug. 31, 2021) (appeal pending) (granting motion to dismiss where plaintiff has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients "given the express inclusion of such ingredients on the products' packaging"); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 886 (9th Cir. 2021) (affirming dismissal of case where the ingredients statement of Trader Joe's Manuka Honey product is not misleading to a reasonable consumer as a matter of law); *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015) (holding that a reasonable consumer cannot claim they were misled based on a statement that can only be misleading when the information surrounding it, such as the back label, nutrition panel, and ingredient list, is ignored); *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012)

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

(holding that "to the extent there [was] any ambiguity," a reasonable consumer would not be misled because the ambiguity was clarified by the ingredient list on the back of the product).

This case is different from *Cimoli v. Alacer Corp.*, which involved products that contained "specific dosage representations" on the front label and the defendant argued that the products' back labels clarified those representations. 546 F. Supp. 3d 897, 903 (N.D. Cal. 2021) (Freeman, J.). This Court agreed with Plaintiffs in *Cimoli* that "Defendant's proposed standard improperly places the onus on consumers to investigate the supplemental facts on a product's back label to determine the truth of a representation on the front label." *Id*. Here, despite Plaintiff's contention that a reasonable consumer would have been deceived by labeling of the Product into believing that it contained 10 grams or more of protein per serving, Compl. ¶¶ 26-27, and is "high" in protein and an "excellent source" of protein, Compl. ¶¶ 26-27, 32, 99, those representations are nowhere to be found on the packaging itself. A reasonable consumer who purchases the Product would not be deceived when the Product's Nutrition Facts state label precisely how much protein is packed into the Product (here, 7 grams).

*Third*, Plaintiff's theory that "protein packed" is equivalent to the FDA regulated terms "high" in protein, or "rich" in protein, or an "excellent source" of protein has no merit. Compl. ¶¶ 26-27, 99. Gourmet Nut did not use those terms (pursuant to 21 C.F.R. § 101.54) in the labeling, marketing, and advertising of the Product. Nor has Plaintiff alleged that Gourmet Nut made any representations at all that the Product was "high" or "rich" in protein, or an "excellent source" of protein. *See, e.g.*, *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (holding that a product named "Sugar in the Raw" would not lead a reasonable consumer to believe it contains unprocessed and unrefined sugar because the packaging states the type of sugar contained and "nowhere on the box do the words 'unprocessed' or 'unrefined' appear."). Plaintiff also alleges no facts about how much protein he expected in the Product. No reasonable consumer would believe the term "protein packed" to mean that the Product contains a certain amount of protein that the FDA requires for products that are "high" or "rich" in protein, or an "excellent source" of protein (especially where the Nutrition Facts label makes clear the exact amount of protein that is contained in the Product, as described above). *See, e.g.*, *Romero v.*

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

*Flowers Bakeries, LLC*, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016) (Freeman, J.) (dismissing CLRA, UCL and FAL claims because "the Court cannot agree with [p]laintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or 'Healthy White' alongside images of wheat stalks and honey pots could lead a reasonable consumer to conclude that the breads 'contain a significant amount of whole wheat and are thus healthier than other white breads'"); *see also, e.g.*, *McKinnis v. Kellogg USA,* 2007 WL 4766060, at *5 (C.D. Cal. Sept. 19, 2007) (dismissing UCL, FAL and CLRA claims because packaging was "not deceptive").

Thus, Plaintiff's UCL, FAL, and CLRA claims fail the reasonable consumer test and should be dismissed.

**C.    Plaintiff's UCL Claim Further Fails Because Plaintiff Cannot State a Claim for Unlawful and Unfair Practices.**

The Court should likewise dismiss Plaintiff's UCL claim because the Complaint fails to allege facts establishing that Gourmet Nut's conduct was "unlawful" or "unfair."  Cal. Bus. & Prof. Code § 17200; *see Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539-40 (Cal. 1999).

**1.    Unlawful Conduct**

By proscribing "any unlawful" business practice, the UCL permits injured consumers to "borrow[] violations of other laws and treat[] them as unlawful practices" that are independently actionable.  *Cel-Tech Commc'ns, Inc.*, 973 P.2d at 540.  Accordingly, to state a claim for unlawful conduct under the UCL, a plaintiff must allege an act "forbidden by law."  *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1084, 1088 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 719 (9th Cir. 2018).  In doing so, Plaintiff must "identify the particular section of the statute that was violated, and must describe with reasonable particularly the facts supporting the violation."  *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, *6 (N.D. Cal. June 16, 2010) (internal citations omitted).  Where Plaintiff has alleged a "unified course of fraudulent conduct," as he does here, Rule 9(b)'s particularity requirement applies to each of the prongs of the UCL.  *Hadley*, 243 F. Supp. 3d at 1094; *see also Wilson v. Frito–Lay N. Am., Inc.*, 2013 WL 1320468, at *5 (N.D. Cal.

Apr. 1, 2013) (when a plaintiff alleges a unified course of fraudulent conduct that forms the basis of their UCL claims, plaintiffs must plead the UCL claims with specificity).  Plaintiff fails to meet that standard here.

All Plaintiff alleges in support of his UCL "unlawful" claim is that "Defendant's misrepresentations of material facts, as set forth herein, [] constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the common law."  Compl. ¶ 69.  The laws on which Plaintiff relies prohibit actual fraud (§ 1572); constructive fraud (§ 1573); deceit (§§ 1709, 1710); deceit to the defraud the public (§ 1711); and certain unfair methods of competition and unfair or deceptive acts (§ 1770).  However, Plaintiff fails to plead ***any*** elements of the predicate, "unlawful" Civil Code sections, let alone what these laws prohibit, or how Gourmet Nut's conduct violated these laws.  *See generally* Compl. ¶¶ 60-111.

For example, Sections 1572 and 1573 address fraud in contract, and these sections define fraud and constructive fraud in more ways than one.  The Complaint contains no allegations explaining how Gourmet Nut's purported conduct violated these particular predicate laws.  Section 1711 seems to require an intent to defraud, which Plaintiff likewise does not allege with respect to Gourmet Nut, except for a single reference to an "intent not to sell the products as advertised" in connection with a separate claim for violations of the CLRA.  Compl. ¶ 90(c).  And Section 1770 defines twenty-four unfair methods of competition and deceptive acts – yet Plaintiff does not allege which of these Gourmet Nut allegedly engaged in.  This is not sufficient to state a claim for unlawful practices under the UCL.  *See, e.g.*, *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *5 (S.D. Cal. Nov. 1, 2012) (dismissing "unlawful" UCL claim where, among other things, the plaintiff failed to "take care to specifically plead the elements of the predicate [. . . ] violations"); *see also, e.g.*, *Hodges v. Apple Inc.*, 2013 WL 4393545, at *6 (N.D. Cal. Aug. 12, 2013) (dismissing "unlawful" UCL claim because "[Plaintiff] merely accuse[d] [Defendant] of 'violating Civil Code §§ 1572 , 1573, 1709, 1711, 1770…and the common law' without stating which part of each statute was violated and how."); *Baba*, 2010 WL 2486353, at *6 (same).

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

1    Plaintiff's naked assertion that Gourmet Nut has violated the "laws and regulations cited

2    herein, as well as the common law" fails to state an "unlawful" UCL claim.  Gourmet Nut should

3    not be forced to guess which "laws and regulations" and "common law" it has purportedly

4    violated.  Further, to the extent Plaintiff contends that Gourmet Nut's purported violations of the

5    CLRA and FAL constitute an unlawful UCL claim, his UCL claim still fails because Plaintiff

6    does not plead violations of the CLRA and FAL.  *Hadley*, 243 F. Supp. 3d at 1094 ( "[i]f a

7    plaintiff cannot state a claim under the predicate law[s]…[the UCL] claim also fails."); *see also*

8    *Porras v. StubHub, Inc.*, 2013 WL 144045, at *3 (N.D. Cal. Jan. 11, 2013) (where a plaintiff

9    cannot state a claim under the 'borrowed' law, it cannot state a claim under the unlawful prong of

10   the UCL either) (internal citations omitted).

11   Having failed to show any actionable unlawful conduct by Gourmet Nut, this claim should

12   be dismissed.

### 2.    Unfair Conduct

14   Plaintiff's UCL claim for unfair business practices likewise fails.  The "unfair" prong of

15   the UCL creates a cause of action for a business practice that is unfair even if not proscribed by

16   some other law.  Bus. & Prof. Code § 17200; *Cel-Tech Commc'ns, Inc.*, 973 P.2d at 540.  While

17   the precise definition of "unfair" in the consumer context remains somewhat unsettled, courts

18   generally agree that "unfair" conduct is that which "violates an established public policy or . . . is

19   immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs

20   its benefits."  *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 802 (C.D. Cal.

21   2021) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)).  Courts will

22   sometimes apply a "tethering test" or "balancing test" to determine whether conduct is "unfair"

23   under the UCL.  *See, e.g.*, *Cel-Tech Commc'ns, Inc.*, 973 P.2d at 544 (the tethering test requires

24   plaintiff to allege unfairness that is "tethered to some legislatively declared policy or proof of

25   some actual or threatened impact on competition"); *see also, e.g.*, *Davis v. HSBC Bank Nev.,*

26   *N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012) (Under the balancing test, "'unfair' conduct occurs

27   when that practice 'offends an established public policy or when the practice is immoral,

28   unethical, oppressive, unscrupulous or substantially injurious to consumers.'…. [T]his balancing

[CORRECTED] MEMORANDUM OF
                                            POINTS AND AUTHORITIES

test must weigh 'the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'").

Plaintiff alleges that Gourmet Nut's conduct is "unfair" because it "made representations that the Products are high in protein when the Products are not high in protein."  Compl. ¶ 65. Plaintiff further alleges that such representations create an "unfair competitive advantage" for Gourmet Nut, and the purported "injury" Gourmet Nut has caused to "countless purchasers" of the Product is "not outweighed by any countervailing benefits to consumers or to competitors." *Id.* ¶ 71.  Regardless of the test used, Plaintiff's allegations fail to state a claim for unfair practices for the following reasons:

Where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices alleged under the fraudulent and unlawful prongs, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive. *See Hadley*, 243 F. Supp. 3d at 1104-05 (dismissing UCL claim for unfair practices "based on the same contentions" underlying the unlawful and fraudulent practices theories); *see also, e.g., Hinkle v. Home123*, 2018 WL 6112622, at *4 (C.D. Cal. Sept. 27, 2018) (granting motion to dismiss the UCL claim under the "unfair" prong for the same reasons the court granted the motion to dismiss as to the "fraudulent" and "unlawful" prongs).  Plaintiff avers that Gourmet Nut engaged in unfair business practices by selling the Products it knowingly misrepresented as being high in protein.  Compl. ¶¶ 63-68.  Because Plaintiff bases his unfairness claim on the same alleged conduct underlying his other UCL claims (i.e., purported false representations and omissions), the claim fails on that basis.

Plaintiff also does not allege that Gourmet Nut's purported unfair conduct is related to any legislatively declared policy.  *See Klaehn v. Cali Bamboo, LLC*, 2021 WL 3044166, at *13 (S.D. Cal. June 14, 2021), *aff'd*, 2022 WL 1830685 (9th Cir. June 3, 2022) (holding that plaintiffs failed to allege an unfair business practice under the tethering test because the complaint did not identify any "legislatively declared policy" or "actual or threatened impact on competition."); *see also, e.g., Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1027 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) (holding that invoking "statements declaring a general public policy" is not

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

sufficient to tether harms to "specific constitutional, statutory, or regulatory provisions" and plaintiff must "reference…specific legislative or regulatory acts, which would support [plaintiff's] contention that [defendant]…violate[d] public policy."); *Schmidt v. Wells Fargo Bank, N.A.*, 2013 WL 3187418, at *7 (N.D. Cal. June 21, 2013) (a "cursory" allegation that Wells Fargo Bank's conduct "gave . . . an unfair competitive advantage over [its] competitors" did not state an "unfair" UCL claim because it "fail[ed] to allege any specific constitutional, statutory, or regulatory provision to which Wells Fargo's conduct is tethered"); *San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075, 1092 (N.D. Cal. 2018) (dismissing UCL unfair business practices claim under the tethering test where the "[p]laintiffs do not identify which constitutional, regulatory or statutory provision to which the allegations are tethered," and instead allege a "vague" "laundry list of alleged misconduct.").

Nor does Plaintiff allege any facts to support the conclusion that Gourmet Nut's conduct has an actual or threatened impact on competition, aside from a threadbare assertion that the labeling of the Product as "protein packed" creates an unfair competitive advantage.  Compl. ¶ 70. *See, e.g.*, *French v. JP Morgan Chase Bank, N.A.*, 2013 WL 6528510, at *6 (S.D. Cal. Nov. 25, 2013) (holding that conclusory allegations of unfair conduct are not enough to identify any relevant antitrust violation or anticompetitive effects sufficient to show an unfair practice); *Marques v. Fed. Home Loan Mortgage Corp.*, 2013 WL 1932920, at *7 (S.D. Cal. May 8, 2013) (holding that plaintiffs fail the tethering test because they only provide a formulaic recitation of the elements of the cause of action and do not provide proof of competition).

And although Plaintiff claims that Gourmet Nut's conduct is injurious to consumers, his allegations fall short.  This is not surprising because—despite Plaintiff's contentions—Gourmet Nut has not made any *false* representation or omission about the quantity of protein in the Product, as the exact grams of protein are listed on the Nutrition Facts label for all consumers to see.  *See*, supra, § I(B).  In any event, Plaintiff does not plead any facts supporting the allegation that 7 grams of protein (as opposed to 10 grams of protein) in a "protein packed" Product—especially where the Nutrition Facts label specifies that the Product contains 7 grams of protein—would have any substantial risk to consumers such that it would outweigh the utility of Gourmet

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

1   Nut's conduct.  Further, Plaintiff does not even allege—nor can he—that Gourmet Nut's conduct

2   is "immoral, unethical, oppressive, or unscrupulous, or substantially injurious to consumers."

3   *Hodsdon*, 162 F. Supp. 3d at 1026.

4         **D.**      **Plaintiff's Breach of Express Warranties Claim Fails.**

5         California Commercial Code § 2313, which defines express warranties, applies to

6   "transactions in goods."  *See* Cal. Com. Code § 2102; *see also* Cal. Civ. Code §

7   1791.2(a)(1) (defining "express warranty" as "[a] written statement arising out of a sale to the

8   consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer

9   undertakes to preserve or maintain the utility or performance of the consumer good or to provide

10  compensation if there is a failure in utility or performance").  To prevail on a breach of express

11  warranties claim under California law, Plaintiff must allege: (1) that the seller "made an

12  affirmation of fact or promise or a description of [the] goods," (2) "the promise or description

13  formed the basis of the bargain," (3) "the express warranty was breached," and (4) "the breach

14  caused injury to the plaintiff."  *In re Iphone 4S Consumer Litig.*, 2014 WL 589388, at *7 (N.D.

15  Cal. Feb. 14, 2014).  Plaintiff fails to adequately plead any of these elements.

16        To constitute an "express warranty," the plaintiff must identify a "specific and

17  unequivocal written statement" about the product that constitutes "an explicit guarantee."  *Id.* at

18  *8 (quoting *Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997)), *aff'd*, 637 F.

19  App'x 414 (9th Cir. Feb. 25, 2016).  Plaintiff alleges that Gourmet Nut "promised and expressly

20  warranted that the Products contained an excellent source of protein."  Compl. ¶ 99.  However,

21  Gourmet Nut did no such thing.  The labeling of the Product includes the words "protein packed"

22  and the Nutrition Facts label reflects the exact amount of protein in the Product.  Compl. ¶¶ 16-

23  19.  Nowhere does the Product labeling warrant that the Product contains an "excellent" source of

24  protein.  "Protein packed" does not constitute an affirmation of fact or an explicit guarantee

25  regarding the Product, let alone that the Product is an "excellent source" of protein (which, in any

26  event, is a term of art).  *See* 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(7)(iii); *see, e.g.*, *Cruz v.

27  Anheuser-Busch, LLC*, 2015 WL 3561536, at *9 (C.D. Cal. June 3, 2015), *aff'd sub nom. Cruz v.

28  Anheuser-Busch Companies, LLC*, 682 F. App'x 583 (9th Cir. 2017) (dismissing breach of

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

express warranty claim because the term "light" used in connection with the product was not an express promise that it would contain a particular amount of calories or carbohydrates; moreover, the product's label did not display representations that were contrary to the nutritional contents of the product).

Courts have held that statements constituting "mere puffery" cannot support liability under a claim for breach of express warranties.  *See e.g., Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013) (holding that the term "premium" on beverage company's diet soda packaging was mere puffery, and thus, could not provide basis for breach of express warranty claim under California law); *Castaneda v. Fila USA, Inc.*, 2011 WL 7719013, at *4 (S.D. Cal. Aug. 10, 2011) (holding that statements regarding how apparel would "sculpt" and "tone" the body were non-actionable puffery, and did not constitute an express warranty on which a reasonable consumer could rely).

Because there is no express warranty, Plaintiff has not—and cannot—adequately allege a breach of that warranty, let alone the other elements of the claim.  This claim should be dismissed.

### E.     Plaintiff Fails To State A Claim For Unjust Enrichment.

"If a plaintiff's underlying causes of action fail," a claim for unjust enrichment must fail as well because it "cannot stand alone as an independent claim for relief."  *Punian*, 2016 WL 1029607, at *18.  That principle controls here.  Plaintiff's unjust enrichment theory is that Gourmet Nut misrepresented the Product and made allegedly deceptive statements.  Compl. ¶¶ 105, 107.  As set forth above in Section I(B), Gourmet Nut did not engage in any misrepresentations or break any promises.  Accordingly, any benefit it received and retained from Plaintiff cannot possibly have been unjust, warranting dismissal of the claim.  *See, e.g., In re Actimmune Marketing Litig.*, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009) (dismissing unjust enrichment claims where underlying fraud claims had been dismissed; "courts routinely dismiss unjust enrichment claims where a plaintiff cannot assert any substantive claims against a defendant"); *see also, e.g., Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008) ("[S]ince plaintiff's fraud-based claims have been dismissed, plaintiff has no basis for an

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

1    unjust enrichment claim."), *aff'd*, 322 F. App'x 489 (9th Cir. 2009); *Hovesepian v. Apple, Inc.*

2    2009 WL 5069144, at \*5 (N.D. Cal. Dec. 17, 2009) (dismissing a claim for unjust enrichment

3    without leave to amend because plaintiff failed to allege a substantive claim for relief, and a

4    "claim for unjust enrichment cannot stand alone as an independent claim for relief").

5           Indeed, unjust enrichment is not a standalone cause of action under California law.  *See*

6    *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132-33 (N.D. Cal. 2020) ("California does not

7    recognize a separate cause of action for unjust enrichment.") (collecting California and federal

8    cases); *see also Plumleigh v. City of Santa Ana*, 754 F. Supp. 2d 1201, 1205 (C.D. Cal. 2010)

9    ("Unjust enrichment is not an independent cause of action, but rather a 'general principle,

10   underlying various legal doctrines and remedies.'"); 1 Witkin, Summary 11th Contracts § 1050

11   (2022) ("There is no separate cause of action in California for unjust enrichment.").  And courts

12   have dismissed such claims on that basis as well.  *See, e.g.*, *Abuelhawa v. Santa Clara Univ.*, 529

13   F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) (dismissing unjust enrichment claim because it is not a

14   separate cause of action); *see also, e.g.*, *Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at \*2

15   (9th Cir. June 3, 2022) (affirming a district court's decision to dismiss an unjust enrichment claim

16   because "California law does not recognize an independent cause of action for unjust

17   enrichment"); *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048 (N.D. Cal. 2013)

18   (dismissing unjust enrichment claim because plaintiff "may not assert a standalone claim for

19   unjust enrichment.").

20          Accordingly, the claim as pled should be dismissed.

21   **F.      Plaintiff's Breach of Express Warranties and Unjust Enrichment Claims
              Alleged On Behalf Of A Nationwide Class Should be Dismissed.**

22

23          Plaintiff's breach of express warranties and unjust enrichment claim, which are pled on

24   behalf of a Nationwide Class, should be dismissed for two reasons:

25          ***First***, and most critically, Plaintiff lacks Article III standing to sue on behalf of the

26   Nationwide Class for these claims that are presumably alleged under the laws of other states.

27   Plaintiff—who is the only named plaintiff in this case—is a California resident.  Plaintiff

28   purchased the Product in California, and does not allege that he purchased the Product in any

[CORRECTED] MEMORANDUM OF
                                                                POINTS AND AUTHORITIES

other state, let alone that anyone else purchased the Product in any other state or was injured by the purportedly misleading Product label in any other state but California.  *See generally* Compl. As this Court has recognized, "dismissal is appropriate with respect to claims asserted under the laws of states in which no Plaintiff resides or has purchased products." *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) (Freeman, J.).  Other courts have agreed and found that plaintiffs lacked Article III standing to assert claims in similar circumstances.  *See e.g.*, *Stewart*, 537 F. Supp. 3d at 1123-25 (holding that claims for breach of express warranty and unjust enrichment asserted under the laws of states in which no named plaintiff resides or has purchased products should be dismissed for the named plaintiffs' lack of Article III standing); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (finding that Plaintiffs lacked Article III standing at the pleadings phase to assert claims based on the laws of states in which they do not reside or did not purchase the product at issue); *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908-11 (N.D. Cal. 2019) (same).  Thus, these claims which are brought on behalf of the Nationwide Class should be dismissed.

**Second**, even if Plaintiff could assert claims on behalf of purchasers in states other than California, these claims should likewise be dismissed on the independent ground that Plaintiff fails to allege which law applies to these claims.  *Stewart*, 537 F. Supp. 3d at 1158 (dismissing both breach of express warranty and unjust enrichment claims brought on behalf of nationwide classes because plaintiffs failed to clearly allege the state law they seek to apply); *see also Harris v. LSP Prod. Grp., Inc.*, 2021 WL 2682045, at *14-15 (E.D. Cal. June 30, 2021) (same).

The failure to identify which states' laws govern the breach of express warranties and unjust enrichment claims brought on behalf of the Nationwide Class renders those claims inadequately pled.  *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1021 (S.D. Cal. 2020) (holding that nationwide unjust enrichment claims on behalf of a nationwide class must be dismissed because California plaintiffs lacked Article III standing to assert claims under those other states' laws); *see also In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1101 (N.D. Cal. 2007) ("[Plaintiff's] ability to plead a claim for unjust enrichment may vary from state to state, and unless and until Direct Purchaser Plaintiff clarifies under what state law it is moving,

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

neither Defendants nor the Court can address whether the claim or claims have been adequately [pled]").

## II.     PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF

The Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff lacks standing to seek injunctive relief.  As a threshold matter, Plaintiff bears the burden of demonstrating he has standing, and must demonstrate standing separately for each form of relief requested.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)).  To establish standing under Article III, Plaintiff must allege facts to show injury that is (i) "concrete, particularized, and actual or imminent," and (ii) "fairly traceable to the challenged action." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).  For injunctive relief, which is a prospective remedy, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967.  In other words, the threatened injury must be "certainly impending" to constitute injury in fact, and "allegations of possible future injury are not sufficient." *Id.*; *see also Clapper*, 568 U.S. at 410.  In addition, Plaintiff must demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Plaintiff seeks "injunctive relief to stop [Gourmet Nut's] unlawful conduct in the labeling and marketing" of its Product.  Compl. ¶¶ 7, 92 (seeking injunctive relief in connection with his CLRA claim pursuant to California Civil Code § 1780).  However, even if the label of the Product were deceptive (it is not), Plaintiff cannot plausibly allege that he would be deceived by it in the future.  Plaintiff indisputably knows at this point that the Product contains 7 grams of protein.  Compl. ¶¶ 17, 24.  California courts, including this one, routinely dismiss claims for injunctive relief where a plaintiff, though once purportedly deceived, is now aware of the alleged

[CORRECTED] MEMORANDUM OF POINTS AND AUTHORITIES

misrepresentation and therefore not "likely to suffer harm by being misled . . . in the future." *See, e.g.*, *Cimoli*, 546 F. Supp. 3d at 906 (Freeman, J.) (dismissing claim for injunctive relief because the plaintiff "has not (and cannot) reasonably claim that he has no way of determining whether Defendant's representations are true"); *see also, e.g.*, *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc*., 2020 WL 5910071, at *8 (N.D. Cal. Oct. 6, 2020) (Freeman, J.) ("Given what [p]laintiff knows about [d]efendants' products and his preference[s] . . . , the Court does not find it plausible that he would be misled into purchasing these [p]roducts in the future.").

This is especially true in cases where any questions about whether the alleged misrepresentation continues can be resolved if the plaintiff "in the future simply look[s] at the [relevant part of the] label." *Shanks v. Jarrow Formulas, Inc*., 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (decided on summary judgment); *see also Cordes v. Boulder Brands USA, Inc*., 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (plaintiff lacked standing for injunctive relief because "now that [p]laintiff is on notice about potential underfilling, he could easily determine the number of pretzels in each package before making a future purchase by simply reading the back panel...."); *Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) (plaintiff lacked standing because "he knows precisely where to find" clarifying information on a product label). Because Plaintiff knows that he can determine the amount of protein in the Product by consulting the Nutrition Facts label on the back, "Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm." *Cimoli*, 546 F. Supp. 3d at 907.

Further, Plaintiff has not even alleged an intent, or even a *willingness*, to purchase the Product again, such that there could be a "repeated injury" to him. *Cf. Davidson*, 889 F.3d at 971-2 (holding that the plaintiff adequately alleged standing to support her injunctive relief claims because of her stated intent to purchase the product in the future and the sufficient likelihood that she will again be wronged in a similar way); *cf. Stewart*, 537 F. Supp. 3d at 1126 (plaintiffs demonstrated standing to pursue injunctive relief where they alleged they had an intention to purchase the products in the future).

Thus, Plaintiff's request for injunctive relief should be dismissed.

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES

1

## <u>CONCLUSION</u>

2          For the foregoing reasons, Gourmet Nut respectfully requests that the Court grant

3   Gourmet Nut's motion to dismiss and dismiss the claims with prejudice.

4

5   Dated:      July 15, 2022                    **HOGAN LOVELLS US LLP**

6

7                                          By: /s/ *Christopher J. Cox*

8                                          Christopher J. Cox (Bar No. 151650)
                                           Vassi Iliadis (Bar No. 296382)
9                                          Christine Wang (Bar No. 343163)
                                           855 Main St., Suite 200
10                                         Redwood City, CA 94063
                                           Telephone:  (650) 463-4000
11                                         Facsimile:  (650) 463-4199
                                           chris.cox@hoganlovells.com
12                                         vassi.iliadis@hoganlovells.com
                                           christine.wang@hoganlovells.com
13
                                           *Attorneys for Defendant*
14                                         Gourmet Nut, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[CORRECTED] MEMORANDUM OF
POINTS AND AUTHORITIES