J. RYAN GUSTAFSON (SBN 220802)
**GOOD | GUSTAFSON | AUMAIS LLP**
2330 Westwood Boulevard, Suite 103
Los Angeles, California 90064
Telephone:  (310) 274-4663
Email: jrg@ggallp.com

**THE KEETON FIRM LLC**
Steffen T. Keeton, Esq.*
100 S Commons Ste 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com
*Pro hac vice forthcoming

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FORRETT, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOURMET NUT, INC.,<br><br>Defendant. | Case No. 5:22-cv-02045-BLF<br><br>The Honorable Beth L. Freeman<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES Fed.R.Civ.Pr. R. 12(b)(6)**<br><br>**Date:** **October 6, 2022**<br>**Time:** **9:00 a.m.**<br>**Ctrm:** **3 (5th Floor)**<br><br>Complaint Filed: March 30, 2022 |

– i –

GOOD GUSTAFSON AUMAIS LLP

Table of Contents

INTRODUCTION……………………………………………………………………..1

FACTS……………………………………………………………………………1

ARGUMENT……………………………………………………………………….2

    I.     The Complaint Alleges Breach of Express Warranty: Defendant's Representations Are Affirmative Statements Of Fact That Describe Its Products And Are Not Puffery…………………………………………..2

    II.    Defendant Has Not Shown As A Matter Of Law That Its Labels Are Unlikely To Mislead A Significant Share Of Reasonable Consumers…………………..6

    A.    Defendant's Representations Are Not Puffery……………………………..…….8

    B. Defendant's Deception Is Not Immunized By the Nutrition Facts Panel…..………..11

    III.    Plaintiff Has Properly Pleaded Unjust Enrichment…………………….…...14

    IV.    Plaintiff Can Seek An Injunction Because He Has Adequately Alleged The Possibility of Future Harm…………………..………..…….……15

CONCLUSION……………………………………………………………..18

GOOD GUSTAFSON AUMAIS LLP

Table of Authorities

*Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059 (N.D. Cal. 2021)………………...……15

*Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015)…………………...……14

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007)………………………………16

*Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869 (N.D. Cal. 2019)………………………15

*Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094 (S.D. Cal. 2017)………….………….....4, 12

*Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417

　　(S.D. Cal. Sept. 11, 2015)……………………………………………….…………13

*Broomfield v. Craft Brew All., Inc.*, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017)……………..…7

*Brady v. Bayer Corp.* 26 Cal.App.5th 1156 (2018)………………………………………………11

*Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020)…………………………14-15

*Brown v. Hain Celestial Grp.*, Inc., 913 F. Supp. 2d 881 (N.D. Cal. 2012)……………………...3

*Castaneda v. Fila USA, Inc.*, 2011 WL 7719013 (S.D. Cal. Aug. 10, 2011)……………………..6

*Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111 (N.D. Cal 2010)………………………….9

*Chapman v. Skype Inc.*, 220 Cal.App.4th 217 (2013)……………………………………………7

*Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8 (N.D. Cal. 2020)……………………11

*Clark v. Perfect Bar, LLC*, 816 Fed.Appx. 141 (9th Cir. 2020)…………………………………13

*Colucci v. ZonePerfect Nutrition Co.*,

　　2012 WL 6737800 (N.D.Cal. Dec. 28, 2012)…………………………………………7

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999)…………10

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,

　　11 F.2d 242 (9th Cir. 1990)…………………………………………………………8, 9

*Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172 (S.D. Cal. 2021)……………………6, 9

*Cruz v. Anheuser-Busch, LLC*,

　　2015 WL 3561536, at *9 (C.D. Cal. June 3, 2015), *aff'd sub nom.*

　　*Cruz v. Anheuser-Busch Companies, LLC*, 682 F. App'x 583 (9th Cir. 2017)……………4

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)………………………………16

*Demetriades v. Yelp, Inc.*, 228 Cal. App. 4th 294  (2014)…………………………………….....8

GOOD GUSTAFSON AUMAIS LLP

**GOOD GUSTAFSON AUMAIS LLP**

*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (2006)……………………………..3

*Elias v. Hewlett-Packard Co.*, 903 F.Supp.2d 843 (2012)…………………………………....10

*Freeman v. Time*, Inc., 68 F.3d 285  (9th Cir. 1995)……………………………………..8, 13

*Hadley v. Kellogg Sales Company*, 273 F.Supp.3d 1052 (N.D. Cal. 2017)………………..2, 9

*Hannan v. Bos. Sci. Corp.*, 2020 WL 2128841 (N.D. Cal. May 5, 2020)………………………..3

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,

 2020 WL 5910071, (N.D. Cal. Oct. 6, 2020)……………………………...………………17

*Hernandez v. Lopez*, 180 Cal. App. 4th 932  (2009)…………………………………………14

*Hunt v. Sunny Delight Beverages Co.*, 2018 WL 4057812

 (C.D. Cal. Aug. 23, 2018)………………………………………………………......5

*In re iPhone 4S Consumer Litigation*, 2014 WL 589388 (N.D. Cal. Feb 14, 2014)…………..3-4

*Johnson-Jack v. Health-Ade LLC*, 2022 WL 562827 (N.D. Cal., Feb. 24, 2022)……………2, 10

*Keith v. Buchanan* 173 Cal.App.3d 13, 20) (1985)………………………………………………3

*Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685 (9th Cir. June 3, 2022)……………...………15

*Knowles v. Arris International PLC*, 2019 WL 3934781 (N.D. Cal., Aug. 20, 2019),

 *aff'd*, 847 Fed.Appx. 512 (9th Cir. 2021)………………………………………………8

*Lavie v. Procter & Gamble Co*., 105 Cal.App.4th 496  (2003)…………………………………12

*Maneely v. Gen. Motors Corp.*, 108 F.3d 1176 (9th Cir. 1997)…………………………....3-4

*Matic v. United States Nutrition, Inc.*, 2019 WL 3084335

 (C.D. Cal. Mar. 27, 2019)……………………………………………………………17

*McGinity v. Procter & Gamble Co.*, 2021 WL 3886048,

 (N.D. Cal. Aug. 31, 2021) (appeal pending)…………………………………………12

*McKinniss v. Sunny Delight Beverages Co.*,

 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007)…...................................4

*Moore v. Trader Joe's Company*, 4 F.4th 874 (9th 2021)…………………………...………8, 12

*Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984 (9th Cir. 2013)……………………………………13

*Nat'l Prod., Inc. v. Gamber-Johnson LLC*, 699 F. Supp. 2d 1232 (W.D. Wash. 2010)………....10

*Oestreicher v. Alienware Corp.*, 544 F.Supp 2d 964  (N.D. Cal 2008)…………………………10

GOOD GUSTAFSON AUMAIS LLP

*Organic Consumers Association v. Sanderson Farms, Inc.*,

    284 F.Supp.3d 1005 (N.D. Cal. 2018)…………………………………….………7

*Perrine v. Sega of Am., Inc.*, 2013 WL 6328489  (N.D. Cal. Oct. 3, 2013)………………………5

*Prescott v. Nestle USA, Inc.*, 2020 WL 3035798 (N.D. Cal. June 4, 2020)……………………..11

*Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027 (N.D. Cal. 2014)…………………………………9

*Reid v. Johnson & Johnson* 780 F.3d 952 (9th Cir. 2015)……………………………………….7

*Schwartz v. Bai Brands, LLC*, 2020 WL 5875019 (C.D. Cal. July 31, 2020)…………………....5

*Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745 (C.D. Cal. Dec. 27, 2019)………………17

*Skinner v. Ken's Foods, Inc.* 53 Cal.App.5th 938, 948–949 (2020),

    *reh'g denied* (Sept. 16, 2020), *review denied* (Nov. 18, 2020)……………………….……11

*Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021)……………….…..8, 11, 16

*Swearingen v. Late July Snacks LLC*, 2017 WL 1806483 (N.D. Cal. May 5, 2017)……………14

*Teresa Adams v. Cole Haan, LLC*, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)……………....15

*Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881 (N.D. Cal. March 14, 2014)…………………7

*Weinstat v. Dentsply Internat.*, Inc., 180 Cal. App. 4th 1213 (2010)……………………….…3, 6

*Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860 (N.D. Cal., July 2, 2010)……….…………...2

*Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008)……………………………4, 7, 9, 11

Plaintiff John Forrett, on behalf of himself and of all others similarly situated, respectfully submits his Opposition to Defendant Gourmet Nut, Inc.'s Motion to Dismiss filed July 15, 2022. (Dkt. No. 23, hereinafter "Def.'s Br.")  Plaintiff relies on the allegations of fact in his Complaint (Dkt. No. 1, hereinafter "Complaint" or "Compl.") particularly those set out specifically below.

## INTRODUCTION

Defendant has not shown that Plaintiff's action should be dismissed at this early stage because it has not shown that its labels, as a matter of law, could not be misleading to a reasonable consumer, and it has not shown that its labels do not constitute a definite description and affirmation of fact concerning the product and its measurable characteristics.  Further, none of Defendant's various arguments concerning Plaintiff's statutory claims – that fraud-based claims must be plead with particularity and that Plaintiff has not plead reliance adequately to establish Article III standing for fraud-based claims – affect the viability of Plaintiff's common law claims for express warranty. In addition, Defendant does not challenge Plaintiff's entitlement to money damages.  Plaintiff's unjust enrichment is valid under California law as a remedy for other viable causes of action and is not as Defendant argues a standalone claim.

## FACTS

As relevant on this motion, Defendant's label describes its product as, and indeed names its product as, "Protein-Packed" (*See*, image of product label, at Compl. 17.)  The label also tells consumers that "protein is an essential part of muscle tissue formation," and one sentence later, tells the consumer that its "Protein Packed" product "makes a great pre- or post- workout snack."  (*Id.*) The Complaint thus alleges facts supporting an inference that the label describes the product as useful in building muscle tissue when used in conjunction with exercise.

The amount of protein that is actually in a serving of the product is not listed on the same side of the product as the name "Protein Packed."  (*See*, *id.*, image of Nutrition Facts Panel ("NFP").)  The font size in which the number "7" appears, that is, the number of grams of protein that

are actually in a serving of the product, is in small font, nearly the smallest font anywhere on the package.  (*Id.*)  It is not in bold print.  (*Id.*)

But for Defendant's statements on the label concerning the product's utility in building muscle tissue when used in conjunction with exercise, Plaintiff would not have purchased the product for the price at which it was sold.  (*Id.*, ¶ 42.)

## ARGUMENT

The Court must construe Plaintiff's allegations "in the light most favorable to the plaintiff" to decide whether Plaintiff has stated a claim.  (*Hadley v. Kellogg Sales Company*, 273 F.Supp.3d 1052, 1062 (N.D. Cal. 2017).  *See also Johnson-Jack v. Health-Ade LLC*, 2022 WL 562827, at *3 (N.D. Cal., Feb. 24, 2022) (denying motion to dismiss, finding that in light of "prominent use of the word 'health'," and designs on label . . . "it is plausible that consumers would construe "Health-Ade" to mean healthy"); s*ee also Werbel ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, at *3 (N.D. Cal., July 2, 2010) ("whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss").)

### I.   The Complaint Alleges Breach of Express Warranty: Defendant's Representations Are Affirmative Statements Of Fact That Describe Its Products and Are Not Puffery

California law is crystal clear that no written guarantee is required to create an express warranty.  Defendant is simply – and fatally – wrong on the law when it argues that to plead a cause of action for express warranty a plaintiff must identify a written statement about the product that constitutes an explicit "guarantee."  (Def.'s Br. at 17.)  Defendant bases its incorrect legal argument on an out-of-context quote from one case.  The law is otherwise and Plaintiff's cause of action for express warranty is adequately pleaded.

First, an express warranty is created when a seller describes its goods, or makes some affirmation of fact about its goods, to the buyer and the description or fact affirmation is part of the basis of the bargain between the buyer and the seller.  (*Weinstat v. Dentsply Internat.*, Inc., 180 Cal.

GOOD GUSTAFSON AUMAIS LLP

App. 4th 1213, 1227 (2010) (citing § 2313, subdiv. (1)(a) & (b) of the California Uniform Commercial Code.))  An express warranty "is a contractual promise from the seller that the goods conform to the promise." (*Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830 (Ct. App. 2006) (citing Cal. Com. Code § 2313).)

Accordingly, Defendant is simply and irrefutably wrong when it claims that a cause of action for express warranty "must identify" a written "explicit guarantee." (Def.'s Br. at 17.)  Rather, "to prevail on a breach of express warranty claim, the plaintiff must prove (1) the seller's statements constitute an "affirmation of fact or promise" or a "description of the goods"; (2) the statement was "part of the basis of the bargain"; and (3) the warranty was breached.  (*Id*. (internal quotations omitted; citing *Keith v. Buchanan* (1985) 173 Cal.App.3d 13, 20); *See also Brown v. Hain Celestial Grp.*, Inc., 913 F. Supp. 2d 881, 899–900 (N.D. Cal. 2012) (quoting *Weinstat*); *Hannan v. Bos. Sci. Corp.*, 2020 WL 2128841, at *10 (N.D. Cal. May 5, 2020) (same).)

Defendant relies on *In re iPhone 4S Consumer Litigation*, 2014 WL 589388, *8 (N.D. Cal. Feb 14, 2014).  *In re iPhone* relied on *Maneely v. Gen. Motors Corp.*, in holding that a plaintiff must allege "an explicit guarantee" to plead breach of express warranty, but that is incorrect both as a matter of California law, and an extension of *Maneely* itself, which found only that "visual images" in advertisements of "young people standing or sitting in the cargo beds" of stationary, driverless trucks did not rise to the level of the "specific and unequivocal written statement[s]" in prior cases. (*Maneely*, 108 F.3d 1176, 1181 (9th Cir. 1997) ("hold[ing] that no reasonable jury could find that GMC promised that riding in the back of a moving truck was safe simply by depicting people in the beds of pickup trucks."))

Further, Defendant relies on dicta from *In re iPhone* which does not reflect the actual ruling there.  Plaintiffs there did not identify the specific statements on which they based their express warranty claim but relied instead on allegations of fraud relevant to other of their claims.  "Plaintiffs merely rely on the rest of the complaint to show that Siri did not perform 'as advertised'." (*In re*

GOOD GUSTAFSON AUMAIS LLP

*iPhone*, 2014 WL 589388, *8.)  However, the *In re iPhone* court's actual analysis of that complaint there found that "Plaintiffs do not allege any specific statement by [Defendant] that expressly indicates" the product could perform to Plaintiff's expectations.  (*Id.* at *6.)  On that basis, not on the basis of a lack of a written "guarantee," the *In re iPhone* court held that that complaint there failed to state a claim for express warranty as Defendant argues here.  (*Id.* at 8.)

Indeed, other courts have explained that the "guarantee" language found in *Maneely* should not be read to require a written guarantee. (*Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1113 (S.D. Cal. 2017) (citing *Maneely* "guarantee" language as merely restating rule that a plaintiff cannot rely on "only a general description of the alleged express warranty without reference to its exact terms.").)

The "guarantee" language was also used by the court in *Cruz v. Anheuser-Busch, LLC*, No. CV 14-09670 AB ASX, 2015 WL 3561536, at *9 (C.D. Cal. June 3, 2015), aff'd sub nom. *Cruz v. Anheuser-Busch Companies, LLC*, 682 F. App'x 583 (9th Cir. 2017), relying on *McKinniss v. Sunny Delight Beverages Co.*, 2007 WL 4766525, at *1 (C.D. Cal. Sept. 4, 2007).  *McKinnis* however was abrogated by *Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008) on this precise point, as recognized by *Schwartz v. Bai Brands, LLC*, 2020 WL 5875019, at *6 (C.D. Cal. July 31, 2020) and *Hunt v. Sunny Delight Beverages Co.*, 2018 WL 4057812, at *3 (C.D. Cal. Aug. 23, 2018) (same). In short, California law does not require a plaintiff to allege an actual "written guarantee" to plead breach of an express warranty.

Moreover, case law is clear that no written guarantee is required to state a claim for express warranty.  It is sufficient to "allege[] facts that, if true, show the Defendants did make 'specific and unequivocal' statements to the effect of what you see is what you will get" to state a claim for express warranty.  (*Perrine v. Sega of Am., Inc.*, 2013 WL 6328489, at *6 (N.D. Cal. Oct. 3, 2013) ("At this stage of the proceedings, the Court concludes that Plaintiffs have alleged facts sufficient to state a claim for breach of express warranty.").)

GOOD GUSTAFSON AUMAIS LLP

Further, Plaintiff here does not rely on "a general description" as did the *In re iPhone* plaintiffs. Instead, Plaintiff here alleges that the very name of the product – "Protein Packed" – along with label statements that "Protein is an essential part of muscle tissue formation" and that "our Protein Packed Trail Mix makes a great pre- or post-workout snack" are unequivocal, written representations which promise, affirm, or describe the product as to have so much protein packed into it that it is an effective muscle tissue builder.  (Compl., ¶¶ 17, 19.)

Defendant here moves this Court to find as a matter of law that taken together, these label representations are not an "affirmation of fact" that the product is high in protein *or* a "description of the goods" as useful in building muscle tissue when used in conjunction with exercise.  (Def.'s Br. at 17.) This is improper, because advertising a product in a way that "creates a reasonable impression" that the product has characteristics which in fact it does not is sufficient to plead breach of an express warranty.  "Advertising a product as a 'dietary supplement' creates a reasonable impression to the consumer that it has been designated or has features of a supplement based on some criteria set by the FDA." (*Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1199 (S.D. Cal. 2021) (drawing all reasonable inferences in favor of Plaintiffs and denying "Defendant's motion to dismiss the express warranty claim under California law."); *Cruz,* 2015 WL 3561536, at *8 ("It is evident that a 'light' product signifies a lower calorie option").)

The statements that the product is packed with protein, that protein is important for building muscle, and that the product is useful – "great" in fact – in connection with muscle building activities, i.e., a "workout," are specific and explicit descriptions of Defendant's Protein-Packed Trail Mix and an affirmation of fact concerning its characteristics and benefits.  They are not the sort of statements that can be dismissed as vague and unspecified.  (*Castaneda v. Fila USA, Inc.*, 2011 WL 7719013, at *4 (S.D. Cal. Aug. 10, 2011) (finding "the terms 'sculpt' and 'tone' [when] used in Fila advertising as part of a slogan: 'Sculpt. Tone. Amaze.'," were "vague and unspecified assertions".))

Finally, Defendant's representation that its protein-packed product is useful in building

muscle if the consumer uses it as a "pre- or post-workout snack" is an explicit affirmation of fact regarding the product and were part of the benefit of the bargain.  It is well established that directions for use of a product constitute part of the bargain.  (See, e.g., *Dentsply*, 180 Cal. App. 4th at 1229 (directions for use "became part of the 'agreement' or 'bargain of the parties' as set forth in section 1201, subdivision (b)(3).")))

## II. Defendant Has Not Shown as A Matter Of Law That Its Labels Are Unlikely To Mislead A Significant Share Of Reasonable Consumers

Defendant argues that its label is not misleading, that it cannot be liable for the representations it makes on the label because they are merely commercial puffery.  (Def.'s Br. at 9-10.)  It further argues that it is implausible that a consumer would be misled by the representations on its label.  (*Id.*, at 8-11.)

Other courts in this district have rejected the same implausibility argument Defendant makes here and this Court should as well. "Defendant's argument as to plausibility is, at bottom, an argument that no reasonable consumer is likely be deceived by the labeling of its [product]. But, as the Ninth Circuit and numerous courts have held, that issue is generally not amenable to resolution on the pleadings because it involves issues of fact." (*Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881, *6 (N.D. Cal. March 14, 2014) (denying motion to dismiss); *Colucci v. ZonePerfect Nutrition Co.*, 2012 WL 6737800, at *7 (N.D.Cal. Dec. 28, 2012) (same).)  Plaintiff respectfully submits that issue is also not appropriate for determination here.

Determination of whether a business practice is deceptive under California consumer protection laws generally requires the "weighing of evidence" from both sides and is thus "usually a question of fact that is inappropriate for decision on demurrer or a motion to dismiss." (*Organic Consumers Association v. Sanderson Farms, Inc.* 284 F.Supp.3d 1005, 1014 (N.D. Cal. 2018) [quoting *Williams*, 552 F.3d 934 (9th Cir. 2008), and citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115 (2007).)

Whether a label is misleading "raises questions of fact that are appropriate for resolution on

– 6 –

GOOD GUSTAFSON AUMAIS LLP

a motion to dismiss only in 'rare situations'." (*Reid v. Johnson & Johnson* 780 F.3d 952, 958 (9th Cir. 2015) [quoting *Williams*].)  Dismissal of UCL, FAL and CLRA claims on the pleadings is, therefore, normally not granted, and is appropriate only if Plaintiff alleges facts which "compel the conclusion" that reasonable consumers "are not likely to be deceived." (*Id.* quoting *Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217; *Broomfield v. Craft Brew All., Inc.*, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).)

### A.    Defendant's Representations Are Not Puffery

Defendant argues that its statements are puffery.  (Def.'s Br. at 9-10.)  However, a statement that makes "specific rather than general assertions," is not puffery. (*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990); *Demetriades v. Yelp, Inc.*, 228 Cal. App. 4th 294, 311 (2014) (phrases "'gives' consumers the "most trusted" reviews," and "engineers (a word inspiring confidence) are working to provide the 'most unbiased and accurate' information available" were not puffery.))  "[A]t this stage, Defendant cannot shield an actionable health-related claim by mixing it with nonactionable puffing language."  (*Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1151 (S.D. Cal. 2021).)

Here, Defendant's statements that protein is an "essential part of muscle formation" and that its product is a "great as a pre- or post-workout snack" when read in the context of the package as whole is a **specific** representation that the product is useful in building muscle tissue when used in conjunction with exercise.  The Court should not isolate the words "Protein Packed" to evaluate whether the Defendant's representations are misleading.  (*Freeman v. Time*, Inc., 68 F.3d 285, 287 (9th Cir. 1995).  *See also Moore v. Trader Joe's Company*, 4 F.4th 874, 884-885 (9th 2021) (same); *Knowles v. Arris International PLC*, 2019 WL 3934781 at *13 (N.D. Cal., Aug. 20, 2019), *aff'd*, 847 Fed.Appx. 512 (9th Cir. 2021) (same).)  Here, Defendant's statements read together constitute a specific statement that the product is useful in helping to build muscle tissue.  It is not puffery.

Defendant is also wrong when it argues it is merely engaging in unserious puffery with

representations that the product is useful in building muscle tissue when used in conjunction with exercise because it does not state exactly "how much protein" (Def.'s Br. at 9) is in the product. Defendant is wrong on the law.  First, as shown above, Defendant's representations are specific affirmations of fact, not vague or general statements.  (*Corbett,* 567 F. Supp. 3d at 1199.)

Second, Ninth Circuit law is clear that "[t]he common theme" in analyzing a seller's representations to determine whether they are "puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." (*Cook, Perkiss and Liehe*, 911 F.2d 242, 246 (9th Cir.1990).)  Defendant's representations are "capable of being proved false or of being reasonably interpreted as a statement of objective fact," and are thus not puffery.  (*Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014) (noting also that food product description of "wholesome" was not puffery, citing *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111 (N.D. Cal 2010).)

Similarly, the court in *Hadley* refused the proposition "that no reasonable consumer would rely on statements like 'Lightly Sweetened' and 'lightly frosted' [to] conclude that the amount of added sugar in the product is, at the very least, not so high that the product is unhealthy." (*Hadley*, 273 F. Supp. 3d at 1086.)  The *Hadley* court specifically cited this reason as an independent finding and basis supporting its finding that the terms 'Lightly Sweetened' and 'lightly frosted' were not puffery in the context of the product label and distinguished it from the additional reason that the term "light" is federally regulated.  (*Id*.)  In *Williams*, the product description "nutritious," was not puffery because it was paired with other, more specific allegedly false statements.  (*Williams,* 552 F.3d at 939 n.3.)  So too here: the product name, paired with the more specific statement that the product is good for building muscle tissue, is a specific assertion about the product and it thus is not mere commercial puffery.

Second, whether a non-quantifiable statement is puffery is sometimes a fact question not suitable for decision as a matter of law at any stage, much less on a motion to dismiss.

GOOD GUSTAFSON AUMAIS LLP

Representations that a product "has 'serious shortcomings'," and that the "bolts used . . . are just 'not good enough'," were "sufficiently concrete to support a claim for false advertising" and not puffery as a matter of law.  (*Nat'l Prod., Inc. v. Gamber-Johnson LLC*, 699 F. Supp. 2d 1232, 1239 (W.D. Wash. 2010) (denying summary judgment in defamation action; whether statements "not good enough" and "scary" were puffery was fact question); *C.f., Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (statement that plaintiff was "'too small' to handle . . . business" too "vague and subjective" in defamation suit).)

Defendant's labels here are not vague or subjective.  They are sufficiently concrete that a reasonable consumer could interpret them "as a reliably factual claim," and are thus not puffery.  (*Id*., at 731.)   A reasonable consumer might well understand the representation that Defendant's products are packed with protein and are thus useful in conjunction with exercise to build muscle as a representation that they contain an unusually large amount of protein.  (*Johnson-Jack*, 2022 WL 562827, at *3 (denying motion to dismiss, finding that in light of "prominent use of the word 'health'," and designs on label . . . "it is plausible that consumers would construe "Health-Ade" to mean healthy").)

Defendant's reliance on cases addressing computer advertising is not to the contrary.  Findings of fact regarding computer advertising do not support Defendant's argument that the word "packed" is puffery as a matter of law regardless of the context in which it is used.  Defendant's reliance on the finding in *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843 at 855 (N.D. Cal. 2012) that advertisements stating "a computer is 'ultra-reliable' or 'packed with power'" is puffery is therefore misplaced. (*See also Oestreicher v. Alienware Corp.*, 544 F.Supp 2d 964, 973-974 (N.D. Cal 2008) (same).  Similarly, Defendant's cases that address use of superlatives such as "premium" or "premier" are also inapposite because "[t]here is no obvious way to measure 'premium'." *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 18 (N.D. Cal. 2020); *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *4 (N.D. Cal. June 4, 2020) (same, relying on *Cheslow*).)  Here, however,

there is a way to measure whether Defendant's product is so "packed" with protein that it is particularly useful in aiding muscle tissue formation when used in conjunction with exercise. Those statements are not puffery.

**B. Defendant's Deception Is Not Immunized by the Nutrition Facts Panel**

Defendant wrongly argues that if the truth "can be found" somewhere on a label, no reasonable consumer could be misled by a false statement about the product that can be found elsewhere on the label. (Def.'s Br. at 10.) That is not the law. "A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer ... is actionable." (*Skinner v. Ken's Foods, Inc.* (2020) 53 Cal.App.5th 938, 948–949, *reh'g denied* (Sept. 16, 2020), *review denied* (Nov. 18, 2020).) The law does not require "reasonable consumers . . . to look beyond misleading representations on the front of" product packaging "to discover the truth from the ingredient list in small print" on the back of the package." (*Williams*, 552 F.3d at 939. *See also Brady v. Bayer Corp.* 26 Cal.App.5th 1156, 1172 (2018).) Here, the number of grams of protein is in fine print on the back of the package while the claim "Protein Packed" is in the large bold print on the front. That is exactly what *Williams* proscribes. "You cannot take away in the back fine print what you gave on the front in large conspicuous print. The ingredient list must confirm the expectations raised on the front, not contradict them." (*Id*., at 1172.)

Defendant relies on *Stewart*, but the court's findings and reasoning there show Defendant is wrong here. The package here, like the box there, "show[s] in large, bold typeface the words 'protein-packed' on the front of the" label. (537 F.Supp.3d at 1152.) Unlike there however, Defendant's package does not "show the number of grams of protein in roughly the same large, bold typeface on the front of the" label. (*Id*.) Indeed, the number of grams of protein is found only in very small print at the bottom of the Nutrition Facts Panel on the back of Defendant's package. The facts in *Stewart* are materially and crucially different than here and the result there is not informative here.

The reasonable consumer test does not require "consumers to investigate the merits of advertising claims." (*Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 504 (2003).)  Nor does it require that a food label almost certainly mislead every or even most reasonable consumers to be actionable.  "Likely to deceive" means that "a significant portion of the general consuming public or of targeted consumers . . . could be misled." (*Becerra*, 945 F.3d at 1229.)

Defendant relies on *McGinity* but there the court found no reasonable consumer would rely on labeling which said "Nature Fusion" to conclude the product contained no synthetic ingredients because the defendant "makes no claim as to what ingredients are not included." (*McGinity v. Procter & Gamble Co.*, 2021 WL 3886048, at *2 (N.D. Cal. Aug. 31, 2021) (appeal pending).)  Here, Defendant's package makes explicit representations about what is included (a lot of protein) and what it is useful for (building muscle tissue) and *McGinity* is inapposite.

The small print on which Defendant relies is not the type of information that renders non-actionable as a matter of law its affirmation of fact that the product is protein-packed and "great" for building muscle tissue when used in conjunction with working out.  The label for the product in *Moore*, "a niche, specialty" type of honey, "include[d] a sticker . . . which represents the honey's rating" on a purity scale for that type of honey.  (*Moore*, 4 F.4th at 884-885.)  The court found "[r]easonable consumers" of the product "are undoubtedly more likely to exhibit a higher standard of care," and "would routinely encounter such ratings and would likely have some knowledge about them." (*Id.* at 885.  *See also Freeman v. Time, Inc.*, 68 F.3d at 287 (where junk-mail sweepstakes entry form "repeatedly state[d] the conditions which must be met in order to win . . . immediately next to the representations it qualifies, and no reasonable reader could ignore it," it was unreasonable to interpret it as notice of having already won $1.6 million).) Defendant's Protein Packed product is not an analogous "niche, specialty" product and its label does not make any repeated statements that would better inform a consumer as to the product's actual characteristics. Rather, the only additional information here, the number of grams of protein, is found only in very small print at the bottom of

the Nutrition Facts Panel on the back of Defendant's package.  *Moore* and *Freeman* both show that dismissal is not appropriate here and Defendant's motion should be denied.

On the front of the package in *Bobo*, underneath each product name, each label indicated "that 100% of the respective protein is from the identified protein source.  For example, '100% OF THE PROTEIN FROM WHEY.' Whey is larger and in bold." (*Bobo v. Optimum Nutrition*, *Inc.*, 2015 WL 13102417, at *1 (S.D. Cal. Sept. 11, 2015).)  The court therefore found it implausible these statements would "mislead consumers into believing the powder is entirely protein, rather than that the protein in the powder is entirely from the identified source." (*Id.*)  No such explicit language truthfully describes the product on the front of Defendant's packages, or anywhere else in type that is "larger and in bold" and *Bobo* is also inapposite.

Finally, in *Clark v. Perfect Bar, LLC*, the Ninth Circuit held that federal regulation preempted a state law misbranding claim based on misleading sugar level content, not that the statements would not mislead a reasonable consumer, and it did not address the lower court's findings that are relied upon by Defendant here.  (816 Fed.Appx. 141, 143 (9th Cir. 2020).)

### III.    Plaintiff Has Properly Pleaded Unjust Enrichment

Defendant argues that Plaintiff cannot maintain an unjust enrichment claim.  (Def.'s Br. at 18-19.)  First, it argues that it "did not engage in any misrepresentations," but as shown above that is not a question that can be decided as a matter of law at this stage.

Further, Defendant's argument that California does not recognize unjust enrichment as a cause of action is incorrect, as explained by the Ninth Circuit in *Astiana v. Hain Celestial Group,* *Inc.*, 783 F.3d 753 (9th Cir. 2015).  An unjust enrichment claim is viable "as a quasi-contract claim seeking restitution" under California law.  (*Id.* at 762 (*quoting Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).  *See also Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1006 (9th Cir. 2013).)  The "Supreme Court of California and California Courts of Appeal have recognized actions for relief under the equitable doctrine of unjust enrichment." (*Hernandez v.*

GOOD GUSTAFSON AUMAIS LLP

*Lopez*, 180 Cal. App. 4th 932, 938 (2009).  ("An unjust enrichment claim that seeks restitution as relief is valid where the plaintiff, though it has no contract, has conferred a benefit on the defendant which the defendant knowingly accepted under circumstances that make it inequitable for it to retain the benefit.")  *See also, Swearingen v. Late July Snacks LLC*, 2017 WL 1806483, at *8 (N.D. Cal. May 5, 2017) (defendant is "incorrect that the unjust enrichment claim should be dismissed solely on the ground that no such claim is cognizable under California law").)

Defendant relies principally on *pre-Astiana* cases and cases where the court found no misrepresentation was made.  The latter cases are not applicable here at this stage, because it is not implausible that Defendant's express, measurable claims about the utility of its product in building muscle tissue are misleading.

Moreover, the post-*Astiana* cases on which Defendant relies are inapplicable.  The unjust enrichment claim in *Brodsky v. Apple Inc.*, on which Defendant relies, was dismissed because the plaintiff plead that he had an enforceable contract with defendant, thus barring a quasi-contract unjust enrichment claim. 445 F. Supp. 3d 110, 133 (N.D. Cal. 2020).  In *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1069 (N.D. Cal. 2021) the court had already dismissed all of the plaintiff's contract and fraud claims and thus whether an unjust enrichment claim seeking restitution was viable was not at issue.  Indeed, as the Ninth Circuit reaffirmed recently "[u]njust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action." *Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *2 (9th Cir. June 3, 2022) citing *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003).  Here, as shown above, Plaintiff has a valid cause of action for breach of express warranty and his claim for unjust enrichment is a valid remedy for that breach.

Moreover, "courts will allow plaintiffs to plead equitable relief in the alternative to legal relief and will not determine whether equitable relief is inadequate on a motion to dismiss." *Teresa Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020).  Plaintiff here does

GOOD GUSTAFSON AUMAIS LLP

not seek equitable relief only, he seeks damages on his quasi-contract breach of express warranty claim. Indeed, courts in this district have rejected the argument that a "plaintiff cannot pursue his UCL and FAL claims because they are claims for equitable relief and thus duplicate his legal claims that assert an adequate remedy at law," holding that "questions about the appropriateness of specific remedies are premature at this stage of the litigation." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 879 n.2 (N.D. Cal. 2019).

## IV. Plaintiff Can Seek An Injunction Because He Has Adequately Alleged The Possibility of Future Harm

Defendant argues that Plaintiff cannot seek equitable relief, including an injunction, arguing that he has not shown that he has any prospect of future harm. Again, Defendant is wrong. The Complaint's allegations support a plausible inference that Plaintiff will suffer future harm, and thus the court may grant equitable relief in the form of an injunction.

To seek injunctive relief, Plaintiff must demonstrate that he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) [internal quotes omitted.]

In the false advertising context, "a previously deceived consumer" such as Plaintiff here has "standing to seek an injunction against false advertising or labeling" when he "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although []he would like to." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). Here, Plaintiff alleges that "high protein claims are material to consumers," a category that necessarily includes himself, (Compl. ¶ 34) and that defendant knows that consumers such as himself are willing to pay a premium price for high protein food products. (*Id*., at 40.) Plaintiff has adequately alleged therefore that he has an interest in purchasing high protein products such as Defendant advertises its product to be.

Thus, while Plaintiff is continually presented with Defendant's packages, and is willing to

– 14 –

GOOD GUSTAFSON AUMAIS LLP

pay a premium for high protein snacks, without an injunction he will not be able to "determine[e] whether the representation . . . is in fact true" *as it relates to the representation that the product is useful in building muscle tissue* when used in conjunction with exercise.  *Stewart*, 537 F.Supp.3d at 1126 (quoting *Davidson*.)  He has therefore "adequately alleged an imminent or actual threat of future harm." *Id.*  At this stage, that is enough to allow Plaintiff to seek an injunction.  *Id.* 537 F.Supp.3d at 1160.

In none of the cases on which Defendant relies did the label claim that the product was useful for some particular purpose, as it does here in claiming it is useful for building muscle tissue when used in conjunction with exercise.  *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *1 (N.D. Cal. Oct. 6, 2020) (alleging only that products contained unnatural ingredients despite names including word "Natural"); *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *1 (C.D. Cal. Dec. 27, 2019) (alleging misrepresentations in ingredients and no allegations of product's usefulness); *Matic v. United States Nutrition, Inc.*, 2019 WL 3084335, at *1 (C.D. Cal. Mar. 27, 2019) (alleging only that "nonfunctional slack fill, because doing so could mislead consumers as to the amount of product in the package".)  In none of those cases did the court need to examine whether it was implausible that a representation concerning a specific characteristic of the product makes it particularly useful for a specific purpose could be misleading. Defendant's representations should not be considered in isolation to determine if they are likely when read together to mislead Plaintiff in the future.

Defendant seeks to focus the Court solely on the fact that it prints the number of grams of protein in each serving to claim that Plaintiff could not possibly be misled in the future.  That argument ignores Defendant's representations that protein is important in building muscle tissue and the amount of protein in a serving of its "Protein Packed" product is enough to be a "great pre- or post-workout snack" – *i.e.*, that it helps build muscle tissue.  Without an injunction compelling Plaintiff to clarify those claims, Plaintiff faces an imminent or actual threat of future harm because

GOOD GUSTAFSON AUMAIS LLP

he will not know how much of the product is required to assist in building muscle tissue and whether it is a reasonable amount of product to consume at any one time.

**<u>CONCLUSION</u>**

For all of the reasons explained above, Plaintiff respectfully requests that the Court enter an Order denying Defendant's Motion to Dismiss the Complaint and scheduling this matter for further proceedings.

Dated:  August 30, 2022                              GOOD GUSTAFSON AUMAIS LLP

By:_____
J. RYAN GUSTAFSON
Attorneys for Plaintiff