UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN FORRETT,<br><br>   Plaintiff,<br><br> v.<br><br>GOURMET NUT, INC.,<br><br>   Defendant. | Case No. 22-cv-02045-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART**<br><br>[Re: ECF No. 23] |

   In this case, Plaintiff John Forrett challenges representations made on a product sold by Defendant Gourmet Nut, Inc. ("Gourmet Nut"). Forrett claims that Gourmet Nut has engaged in deceptive, misleading, and unlawful practices in marketing its Protein Packed Trail Mix. He brings two common law claims and three California consumer protection claims and seeks to represent both a California and a nationwide class of consumers who purchased the Product within the statute of limitations period.

   Now before the Court is Gourmet Nut's motion to dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. 23 ("MTD"); *see also* ECF No. 28 ("Reply"). Forrett opposes the motion. ECF No. 26 ("Opp."). The Court held a hearing on the motion on October 6, 2022. ECF No. 29. For the reasons discussed on the record and explained below, the Court GRANTS the motion to dismiss WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.

**I. BACKGROUND**

   As alleged in the Complaint, Defendant Gourmet Nut manufactures, markets, and sells a product called Protein Packed Trail Mix ("Product") in physical and e-commerce stores in the United States. ECF No. 1 ("Compl.") ¶¶ 1-2. Forrett asserts that Gourmet Nut engages in "deceptive, misleading, and unlawful" marketing and sales practices with regard to the Product by

1   labeling it as "PROTEIN PACKED" despite it not being high in protein. *Id.* ¶¶ 1, 4. The front of
2   the packaging allegedly states the product is "PROTEIN PACKED." *Id.* ¶¶ 16-18. The back of
3   the packaging allegedly also includes the "PROTEIN PACKED TRAIL MIX" title, followed by a
4   paragraph about "the importance of protein":

> Protein is an essential part of muscle tissue formation, strengthens the immune system, and keeps you fuller longer. Made from only the finest, quality ingredients, our Protein Packed Trail Mix makes a great pre- or post- workout snack as well as a delicious part of a daily "weight smart" diet.

*Id.* ¶ 19. Finally, the Nutrition Facts panel indicates that there are seven grams of protein per serving, but it does not include the Percent Daily Value for protein. *Id.* ¶¶ 16-17, 20.

Forrett alleges that a reasonable consumer would believe that the term "Protein Packed" means the products are "high" in protein or an "excellent source" of protein, and under FDA regulations, the benchmark for claiming that a food product is "high," "rich in," or an "excellent source of" protein is ten grams or more per serving. Compl. ¶¶ 26-27; *see also* 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(7)(iii). He claims that the packaging is misleading because the product only includes seven grams of protein per serving. *Id.* ¶ 24. He further states that if a product's label makes a nutrient content claim related to protein, the manufacturer must include the Daily Reference Value (DRV). *Id.* ¶ 28-29; *see also* 21 C.F.R. § 101.9(c)(7)(I). As stated above, Forrett alleges that the Nutrition Facts on the Product do not include the DRV. *Id.* ¶¶ 16-17, 20.

In June 2020, Forrett purchased the Product at a Walmart store in San Jose, California. Compl. ¶ 8. He relied on the "Protein Packed" representations made on the packaging in purchasing the Product. *Id.* He alleges that he would not have paid the same amount for the Product without that language, and he would not have been willing to purchase the Product. *Id.* ¶ 42.

This lawsuit was filed on March 30, 2022. *See* Compl. The Complaint asserts claims for violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, *id.* ¶¶ 60-75; violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, *id.* ¶¶ 76-82; violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et*

1  *seq.*, *id.* ¶¶ 83-96; breach of express warranties, *id.* ¶¶ 97-104; and unjust enrichment, *id.* ¶¶ 105-
2  110.  Forrett seeks to represent two classes of all citizens who purchased the Product in California
3  and the United States, respectively, "within the relevant statute of limitations period." *Id.* ¶¶ 51-
4  59.

## II.    FAILURE TO STATE A CLAIM – RULE 12(B)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### A.    Counts 1-3:  UCL, FAL, CLRA
#### i.    Fraud-based claims under UCL, FAL, and CLRA

Plaintiff brings three fraud-based claims: (1) violation of the fraud prong of the UCL, (2) violation of the FAL, and (3) violation of the CLRA.  Compl. ¶¶ 60-96.  These claims are governed by the "reasonable consumer" test. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (applying the reasonable consumer test to FAL, CLRA, and UCL claims). The

United States District Court
Northern District of California

1    reasonable consumer test requires Plaintiff show that "members of the public are likely to be
2    deceived" by Defendant's conduct.  *Id.* (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.
3    1995)).  Plaintiff asserts that the "Protein Packed" language represents that the Product is "high in
4    protein" when it is not, and this would be misleading to a reasonable consumer.  Compl. ¶ 49.

5    Gourmet Nut argues that the fraud-based claims under the UCL, FAL, and CLRA should
6    be dismissed because Forrett does not allege an actionable misrepresentation, as there is no
7    statement "that is false or likely to mislead a reasonable consumer."  MTD at 1, 8-12.  Gourmet
8    Nut asserts that a reasonable consumer would not be misled by the "Protein Packed" language
9    because (1) the phrase is non-actionable puffery; (2) Gourmet Nut lists the exact amount of protein
10   on the back of the package; and (3) Gourmet Nut did not use the FDA-regulated terms ("high,"
11   "rich," or "excellent source of") in its packaging.  *Id.* at 8-12.

12   In his Opposition, Plaintiff appears to assert a new theory, arguing that he was deceived by
13   language on the back of the packaging stating that "protein is an essential part of muscle tissue
14   formation" and that the Product "makes a great pre- or post-workout snack."  Opp. at 1.  Plaintiff
15   asserts that these statements suggest that the product is "useful in building muscle tissue when
16   used in conjunction with exercise."  *Id.*  Plaintiff argues that these statements would mislead a
17   reasonable consumer, are not puffery, and are not "immunized" by the Nutrition Facts panel.  *Id.*
18   at 6-12.

19   The Court agrees with Defendant.  As a preliminary matter, because "Plaintiff may not use
20   his opposition to raise and argue new allegations or claims not in the complaint," the Court will
21   focus on the "Protein Packed" language.  *See Minor v. Fedex Office & Print Servs., Inc.*, 182 F.
22   Supp. 3d 966, 977 (N.D. Cal. 2016).  Because "packed" does not have a defined meaning with
23   regards to nutrient content, Plaintiff cannot show that the term "Protein Packed" is false.  Neither
24   can Plaintiff show the phrase is likely to mislead a reasonable consumer.  Plaintiff makes much of
25   the fact that the Product does not contain ten grams of protein, but the Product does not use any of
26   the FDA-regulated terms.  *See* 21 C.F.R. § 101.54.  Further, a reasonable consumer is not
27   sufficiently familiar with FDA regulations to know the guideline for "high" in protein is ten
28   grams.  And if a consumer did know this guideline, they would presumably also know the

4

regulated terms, which do not include "packed."

Gourmet Nut's motion to dismiss the fraud-based claims brought under the UCL, FAL, and CLRA is thus GRANTED WITH LEAVE TO AMEND.

### ii. Unlawful and unfair claims under UCL

Plaintiff also alleges counts under the "unlawful" and "unfair" prongs of the UCL. Compl. ¶¶ 60-75. Defendant asserts that these claims should be dismissed because the Complaint does not allege facts to establish either of these claims. MTD at 12-17. Plaintiff does not address these claims in his Opposition motion, *see* Opp., and therefore waives these claims, *see, e.g.*, *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."). Gourmet Nut's motion to dismiss the claims brought under the unlawful and unfair prongs of the UCL is thus GRANTED WITHOUT LEAVE TO AMEND.

### B.   Count 4: Express Warranty

Plaintiff brings a claim for breach of express warranty. Compl. ¶¶ 97-104. Because the Court dismisses this claim as brought on behalf of a nationwide class, *see* Section III.A., the Court will focus on California law for express warranty. California Commercial Code § 2313, which governs express warranties, states in relevant part:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

To prevail on a claim for breach of express warranty, a plaintiff must show "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.,* 180 Cal. App. 4th 1213, 1227 (2010) (internal quotation marks and citation omitted).

In the Complaint, Forrett bases the express warranty claim on the allegation that Gourmet

5

Nut "promised and expressly warranted that the Products contained an excellent source of protein." Compl. ¶ 99. Gourmet Nut argues that Plaintiff's express warranty claim fails because he has not pled facts to show that Gourmet Nut made "an affirmation of fact or an explicit guarantee regarding the [P]roduct." MTD at 17. Defendant also argues that puffery cannot provide the basis for a breach of express warranty claim. *Id.* at 18. In his Opposition, Plaintiff expands the express warranty claim, arguing that the representations that the Product is "Protein Packed"; that "Protein is an essential part of muscle tissue formation"; and that the Product "makes a great pre- or post-workout snack" constitute affirmations or promises that the Product has "so much protein packed into it that it is an effective muscle tissue builder." Opp. at 2-6.

The Court agrees with Gourmet Nut that the "Protein Packed" language on the packaging does not constitute an "unequivocal statement or promise to the consumer." *See Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453, at *10 (N.D. Cal. Sept. 1, 2017). Forrett's assertion that Gourmet Nut "expressly warranted that the Products contained an excellent source of protein" is false. *See* Compl. ¶ 99. Forrett points to no explicit statement that the Product was an "excellent source of" protein. *See id.* The Product uses the term "packed," which is not regulated by the FDA. *See* 21 C.F.R. § 101.54. The "Protein Packed" language is not an express promise that the Product is "an excellent source of protein."

Gourmet Nut's motion to dismiss the breach of express warranty claim is thus GRANTED WITH LEAVE TO AMEND.

### C. Count 5: Unjust Enrichment

Plaintiff finally asserts a claim for unjust enrichment alleging that Gourmet Nut received nongratuitous payments for the Product that it would not have received without "deceptive advertising and marketing." Compl. ¶¶ 105-110. Gourmet Nut argues that the Court should dismiss this claim because it "cannot stand alone as an independent claim for relief." MTD at 18-19 (quoting *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *18 (N.D. Cal. Mar. 15, 2016)). Plaintiff argues that unjust enrichment is a cause of action under California law. Opp. at 12. He further asserts that his unjust enrichment claim "is a valid remedy for" his breach of express warranty claim. *Id.* at 13.

1    "Unjust enrichment can be alleged to the extent it represents a remedy for some other valid

2    cause of action." *Klaehn v. Cali Bamboo LLC*, No. 21-55738, 2022 WL 1830685, at *2 n.2 (9th

3    Cir. May 13, 2022). But Plaintiff, in his Complaint, does not tie his unjust enrichment allegation

4    to any other claim. *See* Compl. ¶¶ 105-110. In his Opposition, Plaintiff for the first time asserts

5    his unjust enrichment claim is a remedy for the breach of express warranty. Opp. at 13. But even

6    if the Court accepts that Plaintiff is alleging the unjust enrichment claim as a remedy for the

7    breach of express warranty claim, because the breach of express warranty claim fails, *see* Section

8    II.B., the claim for unjust enrichment must also fail.

9    Gourmet Nut's motion to dismiss the unjust enrichment claim is thus GRANTED WITH

10   LEAVE TO AMEND.

**III.    ARTICLE III STANDING – RULE 12(B)(1)**

12   "[T]he 'irreducible constitutional minimum' of standing consists of three elements."

13   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

14   560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to

15   the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

16   judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking

17   federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v.

18   Dallas*, 493 U.S. 215, 231 (1990)). Gourmet Nut makes two separate arguments regarding

19   Forrett's standing: first, that he lacks standing to sue on behalf of a nationwide class, and second,

20   that he lacks standing to pursue injunctive relief. MTD at 19-22.

**A.    Standing on Behalf of a Nationwide Class**

22   Plaintiff asserts his two common law claims—breach of express warranty and unjust

23   enrichment—on behalf of a nationwide class. Compl. ¶ 51. Defendant argues that the Court

24   should dismiss these claims as to a nationwide class. MTD at 19-21. Plaintiff does not argue

25   otherwise, *see* Opp., and therefore he waives these claims, *see, e.g.*, *Salazar*, 677 F. Supp. 2d at

26   1211 ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed

27   waived."). Gourmet Nut's motion to dismiss all claims as brought on behalf of a nationwide class

28   is thus GRANTED WITHOUT LEAVE TO AMEND.

7

### B. Standing to Pursue Injunctive Relief

Gourmet Nut also argues that Forrett lacks standing to pursue injunctive relief because he fails to allege an intent or willingness to purchase the Product in the future. MTD at 21-22. Further, he is now aware of the alleged misrepresentation, so he would not be misled in the future. *Id.* Forrett contends that his allegations that "high protein claims are material to consumers" and that "consumers such as himself are willing to pay a premium price for high protein food products" are sufficient to adequately allege that "he has an interest in purchasing high protein products such as Defendant advertises its product to be." Opp. at 14 (citing Compl. ¶¶ 34, 40).

The Court finds that Forrett's present allegations are insufficient. A plaintiff may establish standing to pursue injunctive relief against false labeling or advertising by alleging that he desires to purchase the product at issue in the future. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018) (injunctive relief standing where plaintiff alleged she "desire[d] to purchase" the product in the future). Here, Forrett has not specifically alleged a desire to purchase the Product in the future. *See* Compl. In an amended complaint, Forrett must plead those facts to establish standing to pursue injunctive relief.

Gourmet Nut's motion to dismiss all claims for injunctive relief for lack of standing is thus GRANTED WITH LEAVE TO AMEND.

## IV. EQUITABLE JURISDICTION

Even if a district court has subject matter jurisdiction, "[t]here remains the question of equitable jurisdiction." *Schlesinger v. Councilman*, 420 U.S. 738, 753-54 (1975). Both are required for a federal court to hear the merits of an equitable claim. *Guzman v. Polaris Indus. Inc.*, No. 21-55520, 2022 WL 4543709, at *5 (9th Cir. Sept. 29, 2022). "Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'" *Id.* (quoting *Schlesinger*, 420 U.S. at 754). For a district court to have equitable jurisdiction, and thus entertain a request for equitable relief, the plaintiff must have no adequate legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

8

1 Gourmet Nut argues that the UCL, FAL, and unjust enrichment claims should be dismissed
2 because they are equitable claims, and Plaintiff has not established that he lacks an adequate
3 remedy at law. MTD at 6-8. Forrett argues that courts allow plaintiffs to plead equitable relief in
4 the alternative to legal relief and that the adequacy of a remedy at law is not properly decided at
5 the motion to dismiss stage. Opp. at 13-14. In Reply, Gourmet Nut points to a recent case from
6 this District in arguing that under *Sonner*, a plaintiff cannot state a claim for equitable relief "if the
7 pleading does not demonstrate the inadequacy of a legal remedy." Reply at 9 (quoting *Sharma v.
8 Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021)).

The Court agrees that, under *Sonner*, a plaintiff must allege the lack of an adequate legal remedy to assert a claim for equitable relief. *See* 971 F.3d at 844. Forrett has not pled the inadequacy of a legal remedy. *See* Compl.

Gourmet Nut's motion to dismiss the UCL, FAL, and unjust enrichment claims for lack of equitable jurisdiction is thus GRANTED WITH LEAVE TO AMEND.

## V.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Gourmet Nut's motion to dismiss is:

- GRANTED WITH LEAVE TO AMEND, as to the fraud-based claims (fraud prong of UCL, FAL, and CLRA) for failure to state a claim;
- GRANTED WITHOUT LEAVE TO AMEND, as to the claims under the unlawful and unfair prongs of the UCL;
- GRANTED WITH LEAVE TO AMEND, as to the breach of express warranty claim for failure to state a claim;
- GRANTED WITH LEAVE TO AMEND, as to the unjust enrichment claim for failure to state a claim;
- GRANTED WITHOUT LEAVE TO AMEND, as to standing on behalf of a nationwide class;
- GRANTED WITH LEAVE TO AMEND, as to standing to bring a claim for injunctive relief; and

- GRANTED WITH LEAVE TO AMEND, as to UCL, FAL, and unjust enrichment claims for lack of equitable jurisdiction.

Plaintiffs SHALL file an amended complaint within 30 days of this order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this order will result in a dismissal of the deficient claims with prejudice. Plaintiff's amendments shall not exceed the scope allowed by the Court in this order.

Dated: October 11, 2022

BETH LABSON FREEMAN
United States District Judge