1
2
3
4
5
6

**HOGAN LOVELLS US LLP**
Christopher J. Cox (Bar No. 151650)
Vassi Iliadis (Bar No. 296382)
Christine Wang (Bar No. 343163)
855 Main St Suite 200,
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com
vassi.iliadis@hoganlovells.com
christine.wang@hoganlovells.com

7
8

*Attorneys for Defendant*
Gourmet Nut, Inc.

## UNITED STATES DISTRICT COURT

9
10

## NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| JOHN FORRETT, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOURMET NUT, INC.,<br><br>Defendant. | Case No.  5:22-cv-02045-BLF<br><br>The Honorable Beth L. Freeman<br><br>**DEFENDANT GOURMET NUT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Proposed] Order Filed Concurrently Herewith**<br><br>Date: April 27, 2023<br>Time: 9:00 AM<br>Room: Courtroom 3<br><br>Complaint filed:  March 30, 2022<br>First Amended Complaint filed:  November 10, 2022<br>Trial Date:  None Set |

1  <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2  **TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

3  **PLEASE TAKE NOTICE THAT,** on April 27, 2023, at 9:00 a.m., or as soon thereafter

4  as the matter may be heard by the Court, in Courtroom 3 before the Honorable Beth Labson

5  Freeman, Defendant Gourmet Nut, Inc. ("Gourmet Nut") will and hereby does move the Court,

6  for an order dismissing each claim for relief asserted in the First Amended Complaint ("FAC") on

7  the grounds that (i) Plaintiff's claims are expressly preempted by federal law, (ii) Plaintiff fails to

8  state a claim upon which relief may be granted in accordance with Rule 12(b)(6), and (iii)

9  Plaintiff lacks Article III standing to assert his injunctive relief claims.

10  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

11  and Authorities in support thereof, all pleadings and papers filed in this action, the arguments of

12  counsel at any hearing on this Motion, and any other matter that the Court may properly consider.

13

14  Dated:    December 16, 2022        **HOGAN LOVELLS US LLP**

15

16  By: /s/ *Christopher J. Cox*
     Christopher J. Cox (Bar No. 151650)
17   Vassi Iliadis (Bar No. 296382)
     Christine Wang (Bar No. 343163)
18   855 Main Street, Suite 200
     Redwood City, CA  94063
19   Telephone:  (650) 463-4000
     Facsimile:  (650) 463-4199
20   chris.cox@hoganlovells.com
     vassi.iliadis@hoganlovells.com
21   christine.wang@hoganlovells.com

22   *Attorneys for Defendant*
     Gourmet Nut, Inc.

23

24

25

26

27

28

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Pursuant to Local Rule 7-4(a)(3), this Motion raises the following issues:

- Whether Plaintiff's claims are expressly preempted by federal law.
- Whether Plaintiff's equitable claims for unjust enrichment and violations of the UCL and FAL, as well as his request for equitable relief under the CLRA, are barred because the Complaint fails to establish that Plaintiff lacks an adequate remedy at law.
- Whether Plaintiff's fraud-based claims under the UCL, FAL, and CLRA should be dismissed because Plaintiff fails to allege an actionable misrepresentation.
- Whether Plaintiff's unjust enrichment claim further fails because the Complaint does not allege unjust enrichment as a remedy to another valid cause of action, and because this claim is duplicative of Plaintiff's UCL and FAL claims.
- Whether Plaintiff lacks Article III standing to assert claims for injunctive relief.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

    A.    The Court's Ruling on Gourmet Nut's Motion to Dismiss Plaintiff's Original Complaint .................................................................................... 2

    B.    The First Amended Complaint's Allegations ............................................. 3

DISCUSSION ..................................................................................................................... 5

    I.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL LAW .................... 5

    II.    PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6) ................................................................................................... 6

    A.    Plaintiff Still Has Not Established That This Court Has Equitable Jurisdiction Over His Claims For Equitable Relief .................................... 6

    B.    Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be Dismissed. .......................................................................... 9

    C.    Plaintiff Fails To State A Claim For Unjust Enrichment. ......................... 14

    III.    PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE INJUNCTIVE RELIEF .................................................................................... 14

    IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE AMENDMENT WOULD BE FUTILE ....................... 17

CONCLUSION ................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Actimmune Mktg. Litig.*,
    2009 WL 3740648 (N.D. Cal. Nov. 6, 2009)............................................................14

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*,
    141 S. Ct. 1341 (2021) ..................................................................................................8

*Ascon Prop., Inc. v. Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir. 1989).....................................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................6

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019)....................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................6

*Bobo v. Optimum Nutrition, Inc.*,
    2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) .........................................................13

*Broomfield v. Craft Brew All.*,
    2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) (Freeman, J.) ......................................16

*Brown v. Natures Path Foods, Inc.*,
    2022 WL 717816 (N.D. Cal. Mar. 10, 2022) .............................................................17

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir.
    2011) ..........................................................................................................................17

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*,
    2021 WL 1176645 (N.D. Cal. Mar. 29, 2021)............................................................9

*Cheslow v. Ghiradelli Chocolate Co.*,
    2020 WL 1701840 (N.D. Cal. Apr. 8, 2020) .............................................................10

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021) (Freeman, J.) ...........................................15, 16

*City of L.A. v. Lyons*,
    461 U.S. 95 (1983).....................................................................................................15

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)...................................................................................................15

*Clark v. Perfect Bar, LLC*,
   2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) ..............................................13

*Clark v. Perfect Bar, LLC*,
   816 F. App'x 141 (9th Cir. 2020) ..................................................................5

*Cordes v. Boulder Brands USA, Inc.*,
   2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ..............................................16

*Cousins v. Lockyer*,
   568 F.3d 1063 (9th Cir. 2009) ........................................................................6

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ..........................................................14, 15, 16

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
   2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) ..............................................8

*Edmundson v. P&G Co.*,
   537 F. App'x 708 (9th Cir. 2013) ................................................................10

*Freeman v. Time, Inc.*,
   68 F. 3d 285 (9th Cir. 1995) ........................................................................10

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*,
   528 U.S. 167 (2000) ......................................................................................15

*Gomez v. Jelly Belly Candy Co.*,
   2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ..............................................9

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) ........................................................................6

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ....................................................6, 17

*Hairston v. S. Beach Beverage Co.*,
   2012 WL 1893818 (C.D. Cal. May 18, 2012) ..............................................13

*Hanna v. Walmart Inc.*,
   2020 WL 7345680 (C.D. Cal. Nov. 4, 2020) ..............................................17

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
   2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) (Freeman, J.)..........................15

*Hoffman v. Ford Motor Co.*,
   2022 WL 2102991 (C.D. Cal. Feb. 11, 2022)................................................7

*Hovesepian v. Apple, Inc.*
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ............................................14

*Jackson v. Gen. Mills, Inc.*,
    2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ....................................................................16

*Klaehn v. Cali Bamboo LLC*,
    2022 WL 1830685 (9th Cir. May 13, 2022) ......................................................................14

*Leadsinger, Inc. v. BMG Music Publ'g*,
    429 F. Supp. 2d 1190 (C.D. Cal. 2005).............................................................................17

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).........................................................................................................14

*Matic v. U.S. Nutrition, Inc.*,
    2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ...................................................................16

*McGinity v. P&G Co.*,
    2021 WL 3886048 (N.D. Cal. Aug. 31, 2021) (appeal pending)............................................13

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) .............................................................................8

*O'Shea v. Littleton*,
    414 U.S. 488 (1974).........................................................................................................15

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ....................14

*Prescott v. Nestle USA, Inc.*,
    2020 WL 3035798 (N.D. Cal. June 4, 2020) (Freeman, J.) ...................................................10

*Punian v. Gillette Co.*,
    2016 WL 1029607 (N.D. Cal. Mar. 15, 2016)...............................................................10, 14

*Rahman v. Mott's LLP*,
    2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ...................................................................16

*Rasmussen v. Apple Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ...............................................................................12

*Romero v. Flowers Bakeries, LLC*,
    2016 WL 469370 (N.D. Cal. Feb. 8, 2016) (Freeman, J.) .....................................................11

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) .....................................................................11

*Shanks v. Jarrow Formulas, Inc.*,
    2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) ....................................................................16

*Shay v. Apple Inc.*,
    2021 WL 1733385 (S.D. Cal. May 3, 2021)......................................................................7, 8

vi

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020).................................................................6, 9

*Stewart v. Kodiak Cakes, LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021) ..................................................13

*Sugawara v. Pepsico, Inc.*,
  2009 WL 1439115 (E.D. Cal. May 21, 2009)..........................................10

*TopDevz, LLC v. LinkedIn Corp.*,
  2021 WL 3373914 (N.D. Cal. Aug. 3, 2021).............................................9

*Victor v. R.C. Bigelow, Inc.*,
  2014 WL 1028881 (N.D. Cal. Mar. 14, 2014)..........................................12

*Vitiosus v. Alani Nutrition, LLC*,
  2022 WL 2441303 (S.D. Cal. July 5, 2022) .................................5, 6, 16

*Walker v. ConAgra Foods, Inc.*,
  2016 WL 9087336 (N.D. Cal. Mar. 23, 2016)............................................6

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................................7

*Williams v. Apple, Inc.*,
  2020 WL 6743911 (N.D. Cal. Nov. 17, 2020)........................................7, 9

*Williams v. Gerber Prods. Co.*,
  552 F. 3d 934 (9th Cir. 2008)...................................................................10

*Workman v. Plum Inc.*,
  141 F. Supp. 3d 1032 (N.D. Cal. 2015) ..............................................12, 17

*Zaback v. Kellogg Sales Co.*,
  2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) .........................................7, 9

**Statutes**

21 U.S.C. §§ 301 *et seq.*..................................................................................5

21 U.S.C. § 343-1(a)(5).....................................................................................5

Cal. Bus. & Prof. Code §§ 17200-17208 ................................................3, 5, 15

Cal. Bus. & Prof. Code §§ 17500 ......................................................................5

Cal. Civ. Code §§ 1750 ......................................................................................5

Cal. Civ. Code § 1780 .......................................................................................15

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................6

Fed. R. Civ. P. 12(b)(6) .......................................................................................................6

**Regulations**

21 C.F.R. § 101.9(c)(7) ...............................................................................................3, 4, 6

21 C.F.R. § 101.13 .............................................................................................................4

21 C.F.R. § 101.54 ........................................................................................................3, 6

21 CFR § 101.65(d)(2) ........................................................................................................6

MEMORANDUM OF
POINTS AND AUTHORITIES

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is Plaintiff John Forrett's ("Plaintiff") second attempt to assert claims against Defendant Gourmet Nut, Inc. ("Gourmet Nut") for purported violations of the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), the Consumer Legal Remedies Act ("CLRA") and for unjust enrichment. Yet, this Court dismissed those claims in Plaintiff's Original Complaint based on the same allegations Plaintiff reasserts in his First Amended Complaint ("FAC") without curing the deficiencies cited by the Court.

Gourmet Nut sells a product called "Protein Packed Trail Mix ("Product"), which contains 7 grams of protein, as the Nutrition Facts Panel clearly reflects.  The Product's packaging also contains statements about the importance of protein as a nutrient in one's diet, such as how protein is an important part of muscle formation, that it helps keep people fuller longer, and that the Product makes a great workout snack.  The gravamen of Plaintiff's suit is that Gourmet Nut's product labeling is deceptive because (i) FDA regulations and similar state law require a product claiming to be "high" in, "rich in," or an "excellent source of" protein to contain 10 grams (not 7 grams) of protein or more per serving, and (ii) Gourmet Nut purportedly omits the Percent Daily Value of protein on the Nutrition Facts Panel, which also has the effect of misleading consumers to believe that the Product is an "excellent source" of protein.  Yet, Gourmet Nut never claimed its Product was "high" in, "rich in," or an "excellent source of" protein.  As this Court recognized, "[t]he Product does not use any of the FDA-regulated terms," and "a reasonable consumer is not sufficiently familiar with FDA regulations to know the guideline for 'high' in protein is ten grams.  And if a consumer did know this guideline, they would presumably also know the regulated terms, which do not include 'packed.'"  *See* Oct. 12, 2022 Order, Dkt. No. 31 at 4 ("MTD Order").  This Court's reasoning also warrants dismissal of the FAC.  Further, no reasonable consumer would be deceived by the omission of the Percent Daily Value for protein on the Nutrition Facts Panel when the Product clearly states how much protein it contains.

The First Amended Complaint does not allege facts sufficient to show an actionable misrepresentation to state Plaintiff's fraud-based claims, nor does it allege facts to show that any

benefit Gourmet Nut received from Plaintiff was unjust.  Plaintiff also faces a threshold hurdle because his claims are preempted by federal law, and Plaintiff lacks Article III standing to assert claims for injunctive relief.  Plaintiff's First Amended Complaint should not survive.  Each of Plaintiff's claims fails and dismissal of the pleading in its entirety is warranted.

## BACKGROUND

On November 10, 2022, Plaintiff filed the FAC in this action, following the Court's Order Granting Defendant's Motion to Dismiss with Leave to Amend In Part and Without Leave to Amend In Part.  *See* MTD Order.  The FAC asserts the same claims (although it omits the previously-pled breach of express warranties claim and UCL "unlawful" claim) on behalf of the same putative California class based on substantially similar factual allegations as the original Complaint.

### A.      The Court's Ruling on Gourmet Nut's Motion to Dismiss Plaintiff's Original Complaint

On October 6, 2022, this Court held a hearing on Gourmet Nut's Motion to Dismiss Plaintiff's Complaint.  *See* Motion ("Mot."), Dkt. No. 23.  Among other things, the Court challenged the gravamen of Plaintiff's Complaint that a reasonable consumer would understand representations such as "protein packed" to mean that the Product was "high" in protein or an "excellent source of" protein pursuant to FDA standards.  *See* Complaint ("Compl."), Dkt. No. 1 ¶¶ 26-27, 33, 48-49, 65; *compared with* FAC, Dkt. No. 34 ¶¶ 46-47, 55, 91-92, 108.  The Court subsequently issued an Order granting Gourmet Nut's Motion to Dismiss and expanded on this point, as described throughout this motion.  *See* MTD Order, Dkt. No. 31.

Specifically, the Court granted Gourmet Nut's motion ***without*** leave to amend as to Plaintiff's claims under the "unlawful" and "unfair" prongs of the UCL and as to Plaintiff's standing to assert claims on behalf of a nationwide class, and ***with*** leave to amend as to (i) the fraud-based claims under the UCL, FAL, and CLRA, (ii) the breach of express warranties claim, (iii) the unjust enrichment claim, (iv) Plaintiff's standing to assert claims for injunctive relief, and

(v) the UCL, FAL, and unjust enrichment claims for lack of equitable jurisdiction.[1]

### B.   The First Amended Complaint's Allegations

Plaintiff alleges that, in June 2020, he purchased Gourmet Nut's "Protein Packed Trail Mix" (the "Product") for "approximately $5 per bag" from a Walmart store in San Jose.  FAC, Dkt. No. 34 ¶ 14.  Plaintiff avers that while Gourmet Nut's "marketing stresse[d] the importance of protein consumption, the health benefits of its Products, and the high-protein nature of its Products," such representations were "deceptive, misleading, and unlawful."  *Id.* ¶¶ 1, 3.  Specifically, he contends that "[t]hese statements and omissions led [him] to believe that consuming the Products would provide an excellent source of protein and assist with leading a healthy lifestyle."  *Id.* ¶ 6.  Plaintiff alleges three bases for his claims:

First, just as in his original Complaint, Plaintiff claims he relied on Gourmet Nut's representation that the trail mix is "protein packed" in the Product's packaging.  *Id.* ¶ 14.  He alleges that the Product makes "nutrient content claims concerning protein content" "despite neither being high in protein nor a good source of protein."  *Id.* ¶ 4.  Plaintiff claims that FDA regulations provide a benchmark for the ability to claim that a food product is "high," "rich in," or an "excellent source of" protein, and that is 10 grams or more of complete proteins per serving for protein, not the 7 grams of "unadjusted" protein in the Product here.  *Id.* ¶¶ 44, 47 (citing 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)(iii)).  Therefore, in Plaintiff's view, "[r]easonable consumers . . . believe the term 'protein packed' means that the products are 'high' in protein or

---

[1] Plaintiff seemingly attempts to replead the "unfair" prong of his UCL claim, despite the Court dismissing it previously ***without*** leave to amend.  FAC ¶¶ 113-116 (alleging that Gourmet Nut's purported "conduct creates an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208."), *compared with* MTD Order at 5.  It is not clear that Plaintiff is actually asserting a claim under the "unfair" prong of the UCL based on how the FAC is pled.  In any event, Plaintiff is not permitted to re-plead this claim in light of the Court's MTD Order.  Accordingly, to the extent Plaintiff is doing so in the FAC, that claim must be dismissed.

MEMORANDUM OF
POINTS AND AUTHORITIES

constitute an 'excellent source of' protein." *Id*. ¶¶ 41-42, 45-46.

Second, just as Plaintiff for the first time argued in his opposition to Gourmet Nut's motion to dismiss the original Complaint, the FAC alleges that Plaintiff relied on the "information" on the back of the Product's packaging "describing the health benefits of consuming the protein contained in the [P]roduct." *Id*. ¶¶ 6, 14, 16.  In particular, the packaging contains language that purportedly "emphasizes the Product's role in muscle tissue formation, leading a healthy diet, and assisting with workouts." *Id*. ¶ 6; *see also id*.  ¶ 26 (including an image of the Product's packaging containing the language Plaintiff protests).

Third, Plaintiff contends that the Product omits the "'Percent Daily Value' for protein in the Nutrition Facts Panel [NFP]," *id*. ¶¶ 25, 29, 51, which Plaintiff alleges must be expressed as "%DV" and "placed immediately adjacent to the statement of protein quantity." *Id*. ¶ 9. According to Plaintiff, the FDA prohibits "prominent label claims about the amount of protein unless manufacturers also provide additional information in the [NFP] about how much of a recommended daily value for protein that the product will actually provide." *Id*. ¶ 7 (citing 21 C.F.R. § 101.9(c)(7)(i), 101.13(b),(n)); *see also id*. ¶ 9.  While Plaintiff acknowledges that the Product's Nutrition Facts Panel shows that it contains 7 grams of protein per serving (*id*. ¶¶ 26, 44), Plaintiff claims that the Product "contain[s] low quality proteins" derived from peanuts, almonds, pumpkin seeds, and cashews. *Id*. ¶¶ 7, 11, 30.  Thus, the Product purportedly contains less than "10% of the DRV for protein" and "less than 50% of the protein content required to substantiate high protein claims." *Id*. ¶¶ 52, 53.  Plaintiff avers that by "artfully omitting the DRV for protein," Gourmet Nut is able to "mislead and deceive consumers that the Products are excellent sources of protein." *Id*. ¶ 54.

Plaintiff claims that he was injured by Gourmet Nut's purportedly "false, misleading, and deceptive representations and omissions" because he (1) "[p]aid a sum of money for Products that were not what [Gourmet Nut] represented," (2) "[p]aid a premium price for Products that were not what [Gourmet Nut] represented," and (3) "[was] deprived of the benefit of the bargain because the Products [he] purchased were" "different from" and "had less value than" what Gourmet Nut warranted and represented. *Id*. ¶ 84.  Plaintiff alleges that he and other consumers

MEMORANDUM OF
POINTS AND AUTHORITIES

1  who purchased the Product would not have paid the same amount if the alleged

2  misrepresentations did not occur.  *Id.* ¶ 85.

3     Plaintiff now purports to represent a California-only putative class defined as "[a]ll

4  citizens of California who, within the relevant statute of limitations periods, purchased

5  Defendant's Products."  *Id.* ¶ 94(1). Based on these allegations, the FAC alleges claims for

6  violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 (First

7  Claim for Relief, ¶¶ 103-119); violations of the False Advertising Law ("FAL"), Cal. Bus. &

8  Prof. Code §§ 17500 (Second Claim for Relief, ¶¶ 120-127); violations of the Consumer Legal

9  Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 (Third Claim for Relief, ¶¶ 128-140); and

10  Unjust Enrichment (Fourth Claim for Relief, ¶¶ 141-146).  As relief, Plaintiff seeks "damages,

11  interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and

12  disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business

13  practices…[and] injunctive relief to stop Defendant's unlawful conduct in the labeling and

14  marketing of the Products."  *Id.* ¶ 13; *see also* "Relief Demanded," ¶ 147(a)-(g).

15                    **DISCUSSION**

16  **I.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL LAW**

17     Plaintiff's claims are preempted by the Federal Food, Drug and Cosmetic Act of 1938

18  ("FDCA"), as amended by the Nutrition Labeling and Education Act ("NLEA"). 21 U.S.C. §§

19  301 *et seq.*  "The [NLEA] amended the FDCA in 1990 to standardize the requirements for

20  nutrition labeling and health claims on most, if not all, food packaging."  *See Vitiosus v. Alani*

21  *Nutrition, LLC*, 2022 WL 2441303, at *3 (S.D. Cal. July 5, 2022).  The NLEA states that "no

22  State or political subdivision of a State may directly or indirectly establish under any authority or

23  continue in effect as to any food in interstate commerce" that is inconsistent with federal

24  regulations.  21 U.S.C. § 343-1(a)(5).  The Ninth Circuit confirmed that "[t]he NLEA preempts

25  all state law claims that directly or indirectly establish any requirement for the labeling of food

26  that is not identical to the federal requirements."  *Clark v. Perfect Bar, LLC*, 816 F. App'x 141,

27  143 (9th Cir. 2020).

28     Here, Plaintiff's claims are preempted because they seek to impose requirements upon the

MEMORANDUM OF
POINTS AND AUTHORITIES

Product that are not identical to FDA regulations.  Specifically, Plaintiff alleges that Gourmet Nut's use of the term "protein packed" and the statements on the back of the Product's package violate 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)(iii).  *See* FAC ¶¶ 41-42, 46-49, 56-59, 69.  However, as this Court recognized in ruling on Gourmet Nut's motion to dismiss the initial Complaint, these FDA regulations only regulate the use of the terms "high," "rich in," "excellent source of," "good source [of]," etc. yet Gourmet Nut does not use ***any*** of these terms.  *See* 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)(iii); *see also, e.g.,Vitiosus*, 2022 WL 2441303 at *3-6 (holding that the FDA does not regulate the word "FIT" as a synonym of "healthy" under 21 CFR § 101.65(d)(2), so claims based on "FIT" are preempted); *see also, e.g., Walker v. ConAgra Foods, Inc.*, 2016 WL 9087336, at *2-3 (N.D. Cal. Mar. 23, 2016) (holding that the FDA regulates the phrase "No Trans Fat" but does not regulate the phrase "0g Trans Fat" so the claims based on "0g Trans Fat" are preempted).  As such, Plaintiff's claims are preempted.  *See id.*

## II.     PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6)

Even on his second attempt, Plaintiff still fails to allege facts sufficient to state any plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) ("conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal. . .").  Rather, a complaint must allege a factual basis for each element of each cause of action.  *See Iqbal*, 556 U.S. at 678-79, 687.  Further, for claims "grounded in fraud," the pleading of those claims "must satisfy the particularity requirement of Rule 9(b)." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017); *see* Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  As set forth below, each of Plaintiff's claims against Gourmet Nut fail.

### A.     Plaintiff Still Has Not Established That This Court Has Equitable Jurisdiction Over His Claims For Equitable Relief.

"For a district court to have equitable jurisdiction, and thus entertain a request for equitable relief, the plaintiff must have no adequate legal remedy."  MTD Order, Dkt. No. 31 at 8 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)); *see also Guzman*

*v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).  Plaintiff's claims for equitable relief

under his UCL, FAL, CLRA and unjust enrichment claims should be dismissed with prejudice

because Plaintiff still "has not pled the inadequacy of a legal remedy." MTD Order, Dkt. No. 31

at 8.  *See, e.g.*, *Williams v. Apple, Inc.*, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020)

(following *Sonner* and dismissing FAL claim because plaintiff failed to show that it does not have

an adequate remedy at law.); *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal.

Oct. 29, 2020) (dismissing FAL and unjust enrichment claims where plaintiff failed to allege an

inadequate legal remedy, as required under *Sonner*); *see also, e.g.*, *Watkins v. MGA Ent., Inc.*, 550

F. Supp. 3d 815, 837 (N.D. Cal. 2021) (collecting cases); *see also Shay v. Apple Inc.*, 2021 WL

1733385, at *3-5 (S.D. Cal. May 3, 2021) (dismissing plaintiff's UCL claim and the equitable

relief sought in the CLRA claim for not alleging inadequate remedy at law, as required under

*Sonner*).

Here, Plaintiff seeks equitable remedies—as he must—in connection with his UCL, FAL,

and unjust enrichment claims, and seeks equitable relief in connection with his CLRA claim.  *See*

FAC ¶ 117 (seeking injunctive relief, restitution, and pre-judgment interest in connection with

UCL claim); ¶ 126 (seeking restitution in the form of "refund of the purchase price of the

misbranded food" in connection with FAL claim); ¶ 137 (seeking injunctive relief in connection

with CLRA claim); ¶ 146 (seeking restitution in connection with unjust enrichment claim).

Plaintiff also seeks "actual damages" under his FAL claim.  FAC ¶ 126 ("Plaintiff and members

of the California Class were harmed and suffered actual damages as a result of Defendant's FAL

violations[.]").  But, damages are not available under the FAL and his request must be dismissed.

*Williams*, 2020 WL 6743911, at *9 ("civil causes of action authorized by the UCL and FAL must

properly be considered equitable, rather than legal, in nature.").  Plaintiff's CLRA claim, as pled,

only seeks injunctive relief.  FAC ¶ 137.  Plaintiff intends to file another amended complaint to

add a claim for restitution and damages under his CLRA claim.  *Id.* ¶ 136.

With respect to his CLRA claim, Plaintiff makes no attempt to allege an inadequate

remedy at law.  *See* FAC ¶¶ 128-140; *see Hoffman v. Ford Motor Co.*, 2022 WL 2102991, at *3

(C.D. Cal. Feb. 11, 2022) ("A plaintiff's failure to demonstrate entitlement to equitable relief, as

MEMORANDUM OF
POINTS AND AUTHORITIES

is the case here, warrants dismissal of the CLRA claim to the extent it seeks equitable relief.").

As for his other claims, Plaintiff does not plead facts explaining why actual damages—which are

an available remedy under the CLRA as Plaintiff acknowledges, FAC ¶ 136—would not suffice

to protect him from any past or future harm.  With respect to his UCL and FAL claims, Plaintiff

alleges that he **will** lack an adequate remedy of law **if** he is "unable to obtain monetary,

declaratory and/or injunctive relief directly under other causes of action" due to not being able to

meet the higher burden of proof associated with those claims.  FAC ¶ 119 (with respect to his

UCL claim); *id*. ¶ 127 (alleging that, with respect to his FAL claim, he may lack an adequate

remedy at law if the Court, "when assessing restitution under the FAL, appl[ies] a standard

different than that applied to assessing damages under the CLRA").  But alleging an inadequate

remedy at law to support a plaintiff's equitable claims is not determined by whether a plaintiff

will have a path to relief if he does not win on his other claims.  Rather, Plaintiff must allege facts

to show that damages are not adequate, regardless of the probability of obtaining those damages.

Indeed, Plaintiff must allege an inadequate legal remedy **now**—not "hypothetically and . .

. alternative[ly]" in the future.  *See Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal.

2017) ("where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law,

equitable relief is unavailable" and thus it "matters not that a plaintiff may have no remedy if her

other claims fail"); *see also, e.g.*, *Shay*, 2021 WL 1733385, at *5 ("A contingent event does not

support an allegation that Plaintiff has an inadequate remedy at law."); *Duttweiler v. Triumph

Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015) ("[I]n order to

demonstrate some entitlement to equitable relief, [the plaintiff] was required to allege facts

suggesting that damages under the CLRA alone would not provide adequate relief.").

Further, Plaintiff's FAC suggests that damages are inadequate because "restitution" would

"serve to deter the offender and others from future violations," and damages would not have that

effect.  FAC ¶ 127.  However, Plaintiff's premise fails. Restitution provides *retrospective* relief,

which is not designed to prevent future violations. *See AMG Cap. Mgmt., LLC v. Fed. Trade

Comm'n*, 141 S. Ct. 1341, 1347 (2021) (holding that restitution offers retrospective relief to

redress past harm). And in any event, Plaintiff has not pleaded any specific facts showing a need

MEMORANDUM OF
POINTS AND AUTHORITIES

1  for the prospective relief.  *See generally* FAC, Dkt. No. 34.

2        Plaintiff also fails to establish an inadequate remedy at law to support his unjust

3  enrichment claim.  Plaintiff argues that he is entitled to restitution and there is no "adequate

4  remedy at law to obtain this restitution," but just as with his other requests for equitable relief, he

5  fails to explain why obtaining damages rather than restitution would be insufficient.  *See* FAC ¶

6  146 ("Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff

7  and members of the California Class is unjust and inequitable, Defendant must pay restitution to

8  Plaintiff and members of the California Class . . . Plaintiff and those similarly situated have no

9  adequate remedy at law to obtain this restitution."); *see, e.g., In re Cal. Gasoline Spot Mkt.*

10  *Antitrust Litig.*, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021) (dismissing plaintiffs' UCL

11  claim where plaintiffs failed to "distinguish their request for restitution from their request for

12  damages"); *see also, e.g., TopDevz, LLC v. LinkedIn Corp.*, 2021 WL 3373914, at *5 (N.D. Cal.

13  Aug. 3, 2021) (same).  That failure is not surprising given that the same factual allegations

14  underlie all of Plaintiff's claims and theories of relief.  *See Gomez v. Jelly Belly Candy Co.*, 2017

15  WL 8941167, at *2 (C.D. Cal. Aug. 18, 2017) (dismissing plaintiff's claims under the UCL and

16  FAL, and her claim under the CLRA, to the extent it seeks equitable relief, in part because these

17  claims are "based on the exact same conduct" as her negligent misrepresentation claim, which

18  seeks damages).

19        Because Plaintiff does not allege facts that, if true, would demonstrate that the legal

20  remedies he seeks are inadequate, his UCL, FAL, and unjust enrichment claims should be

21  dismissed in their entirety, and his CLRA claim should be dismissed to the extent it seeks

22  equitable relief.  *See Sonner*, 971 F.3d at 844; *Williams*, 2020 WL 6743911, at *9; *Zaback*, 2020

23  WL 6381987, at *4.

24       **B.**    <u>**Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be**</u>

25  <u>**Dismissed.**</u>

26        Plaintiff asserts three fraud-based claims: (i) violation of the fraud prong of the UCL, (ii)

27  violation of the FAL, and (iii) violation of the CLRA.  FAC ¶¶ 106-112, 120-140 (collectively,

28  "fraud-based claims").  These claims are governed by the "reasonable consumer" test.  *See*

MEMORANDUM OF
POINTS AND AUTHORITIES

*Williams v. Gerber Prods. Co*., 552 F. 3d 934, 938 (9th Cir. 2008) (applying the reasonable

consumer test to FAL, CLRA, and UCL claims); *see also Punian v. Gillette Co*., 2016 WL

1029607, at *5 (N.D. Cal. Mar. 15, 2016) ("Under all three statutes—the FAL, the CLRA, and

the fraudulent prong of the UCL—conduct is considered deceptive or misleading if the conduct is

'likely to []deceive[]' a 'reasonable consumer.' Because the same standard governs all three

statutes, court often analyze the three statutes together.") (citation omitted).  "The reasonable

consumer test requires Plaintiff show that 'members of the public are likely to be deceived' by

Defendant's conduct."  MTD Order, Dkt. No. 31 at 4 (quoting *Freeman v. Time, Inc*., 68 F. 3d

285, 289 (9th Cir. 1995)); *see also Becerra v. Dr. Pepper/Seven Up, Inc*., 945 F.3d 1225, 1228-29

(9th Cir. 2019) ("the reasonable consumer standard requires a probability 'that a significant

portion of the general consuming public or of targeted consumers, acting reasonably in the

circumstances, could be misled.'").  When the alleged facts show a reasonable consumer could

not be deceived, as here, dismissal is appropriate.  *See Sugawara v. Pepsico, Inc*., 2009 WL

1439115, at *4 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL and CLRA claims because

consumers were "unlikely to [be] deceived[]" by the statements).

A  reasonable consumer would not find Gourmet Nut's use of the phrase "protein packed"

or the statements on the back of the Product's packaging regarding the health benefits of protein

to be misleading for the following reasons.

*First*, Gourmet Nut's statements are non-actionable puffery.  Puffery is "general,

subjective, and cannot be tested."  *Edmundson v. P&G Co.*, 537 F. App'x 708, 709 (9th Cir.

2013).  There is no objective definition of "protein packed."  As this Court explained, "[b]ecause

'packed' does not have a defined meaning with regards to nutrient content, Plaintiff cannot show

that the term 'Protein Packed' is false.  Neither can Plaintiff show that the phrase is likely to

mislead a reasonable consumer."  MTD Order, Dkt. No. 31 at 4; *see also, e.g.*,  *Prescott v. Nestle

USA, Inc.*, 2020 WL 3035798, at *4 (N.D. Cal. June 4, 2020) (Freeman, J.) (finding that the use

of the word  "premier" on the label of a product is mere puffery that cannot form the basis of a

claim under the reasonable consumer standard applicable to the UCL, FAL, and CLRA); *see also,

e.g.*, *Cheslow v. Ghiradelli Chocolate Co.*, 2020 WL 1701840, at *17-18 (N.D. Cal. Apr. 8, 2020)

1   (same, but with respect to the use of the term "premium" to describe a product).  None of the

2   allegations in the FAC compel a different conclusion.  *See generally* FAC, Dkt. No. 34.

3       Further, this Court has already rejected Plaintiff's assertion that the phrase "protein

4   packed" is tantamount to Gourmet Nut representing that the Product is "high" or "rich" in protein,

5   or an "excellent source" of protein such that it misleads a reasonable consumer about the amount

6   of protein contained in the Product.  MTD Order, Dkt. No. 31 at 4.  As this Court made clear,

7   "[t]he Product does not use any of the FDA-regulated terms . . . . Further, a reasonable consumer

8   is not sufficiently familiar with FDA regulations to know the guideline for "high" in protein is ten

9   grams.  And if a consumer did know this guideline, they would presumably also know the

10  regulated terms, which do not include 'packed.'"  *Id.*  Plaintiff himself does not allege any facts

11  about how much protein he expected would be in the Product.  *See generally* FAC, Dkt. No. 34.

12  No reasonable consumer would believe the term "protein packed" must mean that the Product

13  contains a certain amount of protein that the FDA requires for products that are "high" or "rich

14  in" protein, or an "excellent source of" protein (especially where the Nutrition Facts Panel makes

15  clear the exact amount of protein that is contained in the Product, as described below).  *See id.;*

16  *see also Romero v. Flowers Bakeries, LLC*, 2016 WL 469370, at *6-7 (N.D. Cal. Feb. 8, 2016)

17  (Freeman, J.) (dismissing CLRA, UCL and FAL claims because "the Court cannot agree with

18  [p]laintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or

19  'Healthy White' alongside images of wheat stalks and honey pots could lead a reasonable

20  consumer to conclude that the breads 'contain a significant amount of whole wheat and are thus

21  healthier than other white breads'")*; Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106,

22  at *4 (S.D. Cal. Apr. 16, 2012) (holding that a product named "Sugar in the Raw" would not lead

23  a reasonable consumer to believe it contains unprocessed and unrefined sugar because the

24  packaging states the type of sugar contained and "nowhere on the box do the words 'unprocessed'

25  or 'unrefined' appear.").

26      As for the language on the back of the Product's packaging—*i.e.*, that the trail mix would

27  be a "great pre- or post- workout snack" and that "protein is an essential part of muscle tissue

28  formation, strengthens the immune system, and keeps you fuller longer," FAC ¶¶ 26, 28—such

MEMORANDUM OF
POINTS AND AUTHORITIES

1    statements also constitute mere puffery.  In making these statements, Gourmet Nut is not making

2    any quantifiable claims about the Product, nor is it representing "specific or absolute

3    characteristics" about the Product.  *See, e.g., Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039

4    (N.D. Cal. 2014) (concluding that representations about the product's general quality constitute

5    non-actionable puffery because they are not "capable of being proved false or of being reasonably

6    interpreted as a statement of objective fact" and did not constitute actionable "misrepresentations

7    about specific or absolute characteristics").  Gourmet Nut is simply stating that protein as a

8    nutrient may offer certain benefits.  Plaintiff does not allege that such a statement is false.  To the

9    contrary, Plaintiff states that protein as a nutrient has many benefits.  *See* FAC ¶ 32 ("The health

10   benefits of protein are well studied and wide ranging. Scientific studies have confirmed that

11   protein can assist in weight loss, reduce blood pressure, reduce cholesterol, and control for risk

12   factors for cardiovascular diseases.").  Plaintiff has not alleged any deception to reasonable

13   consumers by these statements, nor can he.  *See Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881,

14   at *17 (N.D. Cal. Mar. 14, 2014) (holding that plaintiff failed to allege that the phrase "delivers

15   healthful antioxidants" is an untrue statement such that he alleged deception to a reasonable

16   consumer).

17        *Second*, the fact that Gourmet Nut clearly lists the exact amount of protein in the Product

18   on the Nutrition Facts Panel undermines Plaintiff's contention that a reasonable consumer would

19   be misled by a statement that the trail mix Product is "protein packed" or the unexceptional

20   statements that protein has other "health benefits" on the back of the packaging.  The Nutrition

21   Facts Panel is where any reasonable consumer would look to determine the contents of a product,

22   including the specific grams per serving of certain nutrients and ingredients.  *See Workman v.

23   Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("Every reasonable shopper knows that

24   the devil is in the details . . . any potential ambiguity could be resolved by the back panel of the

25   products, which listed all ingredients in order of predominance, as required by the FDA.").  And

26   here, one's eye would not even need to pivot to see the exact amount of protein clearly delineated

27   on the Product's Package in the Nutrition Facts Panel.  *See* FAC ¶¶ 26, 28 (including screenshot

28   images of the Product's back and front labeling and packaging).  Thus, even if Plaintiff were

MEMORANDUM OF
POINTS AND AUTHORITIES

correct that there are deceptive statements on the Product's packaging (he is not), any such statements would be modified by the contents of the Nutrition Facts Panel and would therefore not be misleading. *See Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1153 (S.D. Cal. 2021) (dismissing Plaintiffs' CLRA, FAL, and the UCL fraud claims premised on consumer deception through packaging and advertising that contained the statement "protein-packed" where the amount of protein in grams was listed on the front of the box and on the nutrition facts panel on the back of the box); *see also Clark v. Perfect Bar, LLC*, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018) (no reasonable consumer could be led to believe a bar—referred to as a "health bar" on the packaging—was "healthy" and low in sugar when the product's label plainly disclosed the amount of sugar in the product); *McGinity v. P&G Co*., 2021 WL 3886048, at *3 (N.D. Cal. Aug. 31, 2021) (appeal pending) (granting motion to dismiss where plaintiff has not sufficiently alleged how a reasonable consumer would be deceived into believing that the products did not contain any synthetic ingredients "given the express inclusion of such ingredients on the products' packaging"); *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015) (holding that a reasonable consumer cannot claim they were misled based on a statement that can only be misleading when the information surrounding it, such as the back label, nutrition panel, and ingredient list, is ignored); *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) (holding that "to the extent there [was] any ambiguity," a reasonable consumer would not be misled because the ambiguity was clarified by the ingredient list on the back of the product).

    *Third,* Plaintiff's allegation that Gourmet Nut deceived reasonable consumers because the Product omits the Percent Daily Value of protein from the Nutrition Fact Panel does not save his case.  For Plaintiff's theory to survive, he must show that a reasonable consumer would expect a "high quality" protein product when the Nutrition Facts Panel states that the Product contains 7 grams of protein but omits the Percent Daily Value of protein.  *See* FAC ¶ 40 ("Defendant's use of low-quality proteins in the Produc[t] means that they actually provide far less protein to humans that the Product labels represent).  But he does not.  In fact, Plaintiff concedes that "consumers are generally unaware about the usability of various proteins, and may even be

MEMORANDUM OF
POINTS AND AUTHORITIES

unaware of the total amount of usable protein they should ingest each day."  FAC ¶ 9; *see also* ¶ 70 (consumers "are unaware of the nutritional value of various protein sources").  Thus, Plaintiff's argument that a reasonable consumer would be misled by the omission of %DV is baseless.

In sum, Plaintiff's fraud-based claims fail and should be dismissed.

**C.      Plaintiff Fails To State A Claim For Unjust Enrichment.**

As this Court explained in its MTD Order, "[u]njust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action."  MTD Order, Dkt. No. 31 at 7 (citing *Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *2 n.2 (9th Cir. May 13, 2022)).  Yet, even Plaintiff's second attempt still fails to "tie his unjust enrichment allegation to any other claim." *Id.*; *see* FAC ¶ 141-146.  Thus, Plaintiff's unjust enrichment claim fails on that basis alone.

Further, "[i]f a plaintiff's underlying causes of action fail," a claim for unjust enrichment must also fail because it "cannot stand alone as an independent claim for relief."  *Punian*, 2016 WL 1029607, at *18.  Because Plaintiff's UCL and FAL claims fail (*see* Sections II(A) and II(B)), his unjust enrichment claim also fails.  *See, e.g.*, *In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *16 (N.D. Cal. Nov. 6, 2009) (dismissing overlapping unjust enrichment claims where underlying fraud claims had been dismissed); *see also, e.g.*, *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008) ("[S]ince plaintiff's fraud-based claims have been dismissed, plaintiff has no basis for an unjust enrichment claim."), *aff'd*, 322 F. App'x 489 (9th Cir. 2009); *Hovesepian v. Apple, Inc*. 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (dismissing a claim for unjust enrichment without leave to amend because plaintiff failed to allege a substantive claim for relief, and a "claim for unjust enrichment cannot stand alone as an independent claim for relief").

Accordingly, Plaintiff's unjust enrichment claim must be dismissed.

**III.      PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE INJUNCTIVE RELIEF**

As a threshold matter, Plaintiff bears the burden of demonstrating he has standing, and must demonstrate standing separately for each form of relief requested.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)

1     (*citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc*., 528 U.S. 167, 185 (2000)).

2     To establish standing under Article III, Plaintiff must allege facts to show injury that is (i)

3     "concrete, particularized, and actual or imminent," and (ii) "fairly traceable to the challenged

4     action." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).  For injunctive relief, which is a

5     prospective remedy, the threat of injury must be "actual and imminent, not conjectural or

6     hypothetical." *Davidson*, 889 F.3d at 967.  In other words, the threatened injury must be

7     "certainly impending" to constitute injury in fact, and "allegations of possible future injury are

8     not sufficient." *Id.*; *see also Clapper*, 568 U.S. at 410.  In addition, Plaintiff must demonstrate "a

9     sufficient likelihood that he will again be wronged in a similar way."  *City of L.A. v. Lyons*, 461

10    U.S. 95, 111 (1983).  "Past exposure to illegal conduct does not in itself show a present case or

11    controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse

12    effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

13        Plaintiff seeks "injunctive relief to stop [Gourmet Nut's] unlawful conduct in the labeling

14    and marketing" of its Product.  FAC ¶¶ 13, 117 (seeking injunctive relief in connection with his

15    UCL claim pursuant to Cal. Bus. & Prof. Code §§ 17203); *id.* ¶ 137 (seeking injunctive relief in

16    connection with his CLRA claim pursuant to California Civil Code § 1780).  However, even if

17    the label of the Product were deceptive (it is not), Plaintiff cannot allege and has not plausibly

18    alleged that he would be deceived by it in the future.  Plaintiff indisputably knows that the

19    Product contains 7 grams of protein and where to find this information.  FAC ¶¶ 41-42, 45-46.

20    California courts, including this Court, routinely dismiss claims for injunctive relief where a

21    plaintiff, though once purportedly deceived, is now aware of the alleged misrepresentation and

22    therefore is not "likely to suffer harm by being misled . . . in the future."  *See, e.g.*, *Cimoli v.

23    Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (Freeman, J.) (dismissing claim for

24    injunctive relief because the plaintiff "has not (and cannot) reasonably claim that he has no way

25    of determining whether Defendant's representations are true"); *see also, e.g.*, *Hawyuan Yu v. Dr

26    Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *8 (N.D. Cal. Oct. 6, 2020) (Freeman, J.)

27    ("Given what [p]laintiff knows about [d]efendants' products and his preference[s] . . . , the Court

28    does not find it plausible that he would be misled into purchasing these [p]roducts in the future.");

MEMORANDUM OF
POINTS AND AUTHORITIES

*see Rahman v. Mott's LLP*, 2018 WL 4585024, at *2-3 (N.D. Cal. Sept. 25, 2018) (holding that plaintiff is now aware that "no sugar added" did not mean "contained less sugar than, and was healthier than, other 100% apple juices" so there was no risk of future harm); *see also Jackson v. Gen. Mills, Inc.*, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020) (holding that there was no Article III standing to seek injunctive relief because "where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff").

This is especially true in cases where any questions about alleged future misrepresentation can be resolved if the plaintiff "in the future simply look[s] at the [relevant part of the] label." *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (decided on summary judgment); *see also Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (plaintiff lacked standing for injunctive relief because "now that [p]laintiff is on notice about potential underfilling, he could easily determine the number of pretzels in each package before making a future purchase by simply reading the back panel[.]"); *Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) (plaintiff lacked standing because "he knows precisely where to find" clarifying information on a product label); *Vitiosus*, 2022 WL 2441303, at *7 ("Unlike the plaintiff in Davidson, Plaintiffs can ascertain whether Defendant's representation is true: Plaintiffs can check the nutritional facts to see if the Bars were improved." *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971-72 (9th Cir. 2018)).  Because Plaintiff knows that he can determine the amount of protein in the Product by consulting the Nutrition Facts Panel on the back, "Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm."  *Cimoli*, 546 F. Supp. 3d at 907.

Plaintiff alleges that he would "likely purchase" the Product again in the future if it was "reformulated to ensure [it] provide[s], in a usable form, the amount of quality protein that are represented on the labels or their labels are changed to provide non-misleading information" "but [he] will not do so until then."  FAC ¶ 17.  Such allegations do not save Plaintiff's claims.  *See Broomfield v. Craft Brew All.*, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017) (Freeman, J.) (holding that the Court's authority extends only to enjoining [defendant] from using deceptive

MEMORANDUM OF
POINTS AND AUTHORITIES

references on its packaging, "not issue a mandatory injunction forcing [defendant] to alter its production process."); *see also Hanna v. Walmart Inc.*, 2020 WL 7345680, at *7 (C.D. Cal. Nov. 4, 2020) (finding plaintiff's claim that she "may purchase" the product if it was reformulated insufficient for standing). And, here, there is no deceptive advertising or "misrepresentation" that an injunction could even address, *see* Section II(B). *Compare with Brown v. Natures Path Foods, Inc*., 2022 WL 717816 (N.D. Cal. Mar. 10, 2022) ("Obviously, the Court will not issue a mandatory injunction forcing Nature Path to create new products with more protein. But as Plaintiffs argue, an at least equally plausible reading of this allegation is that Plaintiffs simply seek to buy the Products as advertised.").

Thus, Plaintiff's requests for injunctive relief should be dismissed.

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND BECAUSE AMENDMENT WOULD BE FUTILE

A complaint may be dismissed without leave to amend where "amendment would be futile." *See Leadsinger, Inc. v. BMG Music Publ'g*, 429 F. Supp. 2d 1190, 1197 (C.D. Cal. 2005). And a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citing *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Plaintiff makes a second attempt at asserting his claims, but still fails to cure the deficiencies raised by this Court's dismissal of his initial complaint. Even if Plaintiff received a third bite at the apple, his amendments would be futile because the fundamental facts underlying his allegations simply do not and cannot establish any deception or wrongdoing by Gourmet Nut. *Hadley*, 243 F. Supp. 3d at 1101-02 (dismissing UCL claim without leave to amend because an amendment would be futile when (i) the protein-content label on the products was "not misleading as a matter of law" and (ii) defendant's "motion to dismiss the original complaint identified the same deficiency with [p]laintiff's protein-label claim."); *see also e.g.*, *Workman*, 141 F. Supp. 3d at 1037 (dismissing UCL and CLRA claims without leave to amend because "any amendment would be futile" since "the labels at issue are not deceptive, and the labels themselves cannot be changed by a new complaint."). Accordingly, Plaintiff's claims

17

should be dismissed without leave to amend.

## **CONCLUSION**

For the foregoing reasons, Gourmet Nut respectfully requests that the Court grant its motion to dismiss and dismiss the claims with prejudice.

Dated:      December 16, 2022                    **HOGAN LOVELLS US LLP**

By: /s/ *Christopher J. Cox*

Christopher J. Cox (Bar No. 151650)
Vassi Iliadis (Bar No. 296382)
Christine Wang (Bar No. 343163)
855 Main St., Suite 200
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com
vassi.iliadis@hoganlovells.com
christine.wang@hoganlovells.com

*Attorneys for Defendant*
Gourmet Nut, Inc.

18