**HOGAN LOVELLS US LLP**
Christopher J. Cox (Bar No. 151650)
Vassi Iliadis (Bar No. 296382)
Christine Wang (Bar No. 343163)
855 Main St Suite 200,
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com
vassi.iliadis@hoganlovells.com
christine.wang@hoganlovells.com

*Attorneys for Defendant*
Gourmet Nut, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FORRETT, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOURMET NUT, INC.,<br><br>Defendant. | Case No. 5:22-cv-02045-BLF<br><br>The Honorable Beth L. Freeman<br><br>**DEFENDANT GOURMET NUT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: April 27, 2023<br>Time: 9:00 AM<br>Room: Courtroom 3<br><br>Complaint filed:  March 30, 2022<br>First Amended Complaint filed:  November 10, 2022<br>Trial Date:  None Set |

### STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7-4(a)(3), this reply brief in support of Gourmet Nut's Motion to Dismiss Plaintiff's First Amended Complaint raises the following issues:

- Whether Plaintiff's equitable claims for unjust enrichment and violations of the UCL and FAL, as well as his request for equitable relief under the CLRA, are barred because the Complaint fails to establish that Plaintiff lacks an adequate remedy at law.
- Whether Plaintiff's fraud-based claims under the UCL, FAL, and CLRA should be dismissed because Plaintiff fails to allege an actionable misrepresentation.
- Whether Plaintiff's unjust enrichment claim further fails because the Complaint does not allege unjust enrichment as a remedy to another valid cause of action, and because this claim is duplicative of Plaintiff's UCL and FAL claims.
- Whether Plaintiff's claims are expressly preempted by federal law.
- Whether Plaintiff lacks Article III standing to assert claims for injunctive relief.

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

DISCUSSION ...................................................................................................................... 2

    I.     PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6) ................................................................................................... 2

         A.    Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be Dismissed. ...................................................................... 2

         B.    Plaintiff Fails To Allege An Inadequate Legal Remedy In Connection With His UCL, FAL, CLRA, And Unjust Enrichment Claims. ....................................................................................................... 8

         C.    Plaintiff Fails To State A Claim For Unjust Enrichment. ......................... 10

    II.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL LAW ................. 11

    III.   PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE INJUNCTIVE RELIEF ....................................................................................... 14

CONCLUSION ................................................................................................................. 15

TABLE OF CONTENTS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Broomfield v. Craft Brew All.*,
    2017 WL 3838453 (N.D. Cal. Sept. 1, 2017) (Freeman, J.) ....................................14

5

6

*Carvalho v. HP, Inc.*,
    2022 WL 2290595 (N.D. Cal. June 24, 2022) ...........................................................11

7

*City of L.A. v. Lyons*,
    461 U.S. 95 (1983) .....................................................................................................14

8

9

*Clancy v. The Bromley Tea Co.*,
    308 F.R.D. 564 (N.D. Cal. 2013) ..........................................................................12, 13

10

11

*Clark v. Perfect Bar, LLC*,
    816 F. App'x 141 (9th Cir. 2020) ...............................................................................12

12

13

*Cox v. Old Republic Nat'l Title Ins. Co.*,
    2016 WL 301974 (N.D. Cal. Jan. 25, 2016), *aff'd*, 743 F. App'x 104 (9th Cir.
    2018) (Freeman, J.) .....................................................................................................11

14

15

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir 2016).........................................................................................5

16

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012) ......................................................................3, 7

17

18

*Fan v. Home Depot U.S.A., Inc.*,
    2022 WL 16964099 (E.D. Cal. Nov. 16, 2022) ...........................................................8

19

*In re Ford Tailgate Litig.*,
    2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ...........................................................10

20

21

*Gustavson v. Wrigley Sales Co.*,
    961 F. Supp. 2d 1100 (N.D. Cal. 2013) ...................................................................12, 13

22

23

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022)..............................................................................1, 8, 9

24

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
    2020 WL 5910071 (N.D. Cal. Oct. 6, 2020) (Freeman, J.)........................................14

25

26

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018).........................................................................................7

27

28

*Huu Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ........................................................10

*Jackson v. Gen. Mills, Inc.*,
  2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ........................................................15

*Klaehn v. Cali Bamboo LLC*,
  2022 WL 1830685 (9th Cir. June 3, 2022) ........................................................11

*Lanovaz v. Twinings N. Am., Inc.*,
  2013 WL 675929 (N.D. Cal. Feb. 25, 2013) ....................................................12, 13

*In re MacBook Keyboard Litig*,
  2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ........................................................10

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) ..................................................................................5, 6

*Munning v. Gap, Inc.*,
  238 F. Supp. 3d 1195 (N.D. Cal. 2017) ....................................................................9

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
  513 F.3d 1038 (9th Cir. 2008) ..................................................................................3

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ..................................................................3, 7

*Punian v. Gillette Co.*,
  2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ........................................................11

*Rasmussen v. Apple Inc.*,
  27 F. Supp. 3d 1027 (N.D. Cal. 2014) ......................................................................3

*Salazar v. Honest Tea, Inc.*,
  2015 WL 75223 (E.D. Cal. Jan. 6, 2015) ............................................................12, 13

*Sharma v. Volkswagen AG*,
  524 F. Supp. 3d 891 (N.D. Cal. 2021) ......................................................................9

*Shay v. Apple Inc.*,
  2021 WL 1733385 (S.D. Cal. May 3, 2021) ..............................................................9

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..........................................................................1, 8, 9, 10

*Stewart v. Electrolux Home Prod., Inc.*,
  304 F. Supp. 3d 894 (E.D. Cal. 2018) ......................................................................7

*Stewart v. Kodiak Cakes LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021) ......................................................................4

TABLE OF AUTHORITIES

*Stewart v. Kodiak Cakes, LLC*,
   568 F. Supp. 3d 1056 (S.D. Cal. 2021) ....................................................................3

*Trazo v. Nestlé USA, Inc.*,
   2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ...........................................................4

*Vassigh v. Bai Brands LLC*,
   2015 WL 4238886 (N.D. Cal. July 13, 2015) ................................................12, 13

*Victor v. R.C. Bigelow, Inc.*,
   2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ..........................................................4

*Victor v. R.C. Bigelow, Inc.*,
   2014 WL 12642194 (N.D. Cal. July 18, 2014) .........................................................4

*Vitiosus v. Alani Nutrition, LLC*,
   2022 WL 2441303 (S.D. Cal. July 5, 2022) ......................................................5, 13

*Walker v. ConAgra Foods, Inc.*,
   2016 WL 9087336 (N.D. Cal. Mar. 23, 2016) ........................................................14

*Wallace v. SharkNinja Operating, LLC*,
   2020 WL 1139649 (N.D. Cal. Mar. 9, 2020) ..........................................................11

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................................................9

*Williams v. Apple, Inc.*,
   2020 WL 6743911 (N.D. Cal. Nov. 17, 2020) ..........................................................8

*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) ....................................................................................5

*Zaback v. Kellogg Sales Co.*,
   2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ...........................................................8

**Statutes**

21 U.S.C. § 343-1(a)(4) and (5) ....................................................................................12

**Other Authorities**

21 C.F.R. § 101.9(c)(7)(i)-(iii) ............................................................................. *passim*

21 C.F.R. § 101.9(c)(8)-(9) ........................................................................................6, 7

21 C.F.R. § 101.54 ...............................................................................................5, 8, 13

1

## **INTRODUCTION**

2      Plaintiff's Opposition fails to remedy the deficiencies raised in this Court's prior order and

3  instead proffers arguments that this Court has already rejected.  Notably, Plaintiff argues again

4  that the Product's statements would deceive a reasonable consumer, despite the Court's clear

5  statements to the contrary.  The Court has already determined that the language cited on the

6  Product's packaging is puffery and does not trigger FDA regulations of products claiming to be

7  "high" in, "rich in," or an "excellent source" of protein such that it misleads a reasonable

8  consumer about the amount of protein contained in the Product.  Plaintiff also argues—as he did

9  before—that he does not need to show an inadequate remedy at law because he can plead

10 equitable relief in the alternative.  Not only has this Court already rejected this argument, but

11 Plaintiff also fails to plead equitable relief in the alternative.  Plaintiff's argument that he does not

12 need to show inadequate remedy at law at the pleading stage also conflicts with this Court's prior

13 order and recent Ninth Circuit precedent.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834,

14 844 (9th Cir. 2020)); *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022).

15 Lastly, Plaintiff argues that unjust enrichment is a valid standalone claim in California, but as the

16 Court previously held, unjust enrichment can only be pled as a remedy to another valid cause of

17 action, which Plaintiff again fails to do.

18      To the extent Plaintiff makes additional arguments that were not already addressed by this

19 Court, these arguments also fail to save any of his claims:

20    • Plaintiff argues that "protein packed" is not puffery because it is a nutrient content

21       claim under the FDA regulations.  However, puffery and nutrient content claims

22       are not mutually exclusive as reasonable consumers do not base their expectations

23       on FDA regulations.

24    • Plaintiff argues now that the Product would be deceptive even if "Protein Packed"

25       were replaced with the phrase "contains protein."  But that theory utterly fails

26       under the reasonable consumer test of the CLRA, UCL, and FAL.

27    • Plaintiff argues that the omission of the %DV is deceptive, yet he fails to address

28       how that omission would deceive a reasonable consumer and why that omission

was material.

- Since the initial Complaint, Plaintiff now alleges that consumers would expect 10 grams of *complete* protein per serving for a Product that is "Protein Packed" rather than 10 grams of protein generally.  This argument not only exceeds the scope of the FDA regulations, it also seeks to regulate terms such as "Protein Packed" that are not even governed by those regulations.  Plaintiff's claims are therefore preempted.

- Plaintiff continues to fail to show actual and imminent threat of injury to establish Article III standing to seek injunctive relief.

For all of these reasons, Plaintiff's First Amended Complaint ("FAC") should be dismissed without leave to amend.

### DISCUSSION

**I.**    **PLAINTIFF FAILS TO STATE PLAUSIBLE CLAIMS UNDER RULE 12(b)(6)**

**A.**    **Plaintiff's Fraud-Based Claims Under the UCL, FAL, and CLRA Should Be Dismissed.**

As Gourmet Nut discussed in its Motion to Dismiss, the Product's statements cited in Plaintiff's FAC are non-actionable puffery.  *See* Motion to Dismiss ("Mot.") at 10-12 (citing cases).  This is consistent with the Court's prior order rejecting Plaintiff's assertion that the phrase "protein packed" is a representation that the Product is "high" in, "rich in," or an "excellent source" of protein such that it misleads a reasonable consumer about the amount of protein contained in the Product.  MTD Order, Dkt. No. 31 at 4.  As this Court made abundantly clear, "[t]he Product does not use any of the FDA-regulated terms . . . . Further, a reasonable consumer is not sufficiently familiar with FDA regulations to know the guideline for "high" in protein is ten grams.  And if a consumer did know this guideline, they would presumably also know the regulated terms, which do not include 'packed.'"  *Id.*; *see also* Motion to Dismiss Hearing Transcript ("Tr.") 3:21-22, 6:12-13 ("I do think that there is a lot of puffery in these statements . . . . I don't know that Protein Packed is measurable.").  Indeed, none of the statements are "capable of being proved false," or "of being reasonably interpreted as a statement

of objective fact." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014); s*ee also, e.g.*, *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 855 (N.D. Cal. 2012) (finding that "*packed with* power" was mere puffery in the advertisement of a computer) (emphasis added); *see also, e.g.*, *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973-74 (N.D. Cal. 2008) (concluding that a statement describing a laptop as a "powerful machine…*packed full* of fans and exhaust units to ensure optimum performance" was puffery) (emphasis added).  Plaintiff himself admits in his Opposition that "packed" "may not have an easy definition."  *See* Opposition to Motion to Dismiss ("Opp.") at 5.

Despite the Court's prior ruling, Plaintiff's Opposition essentially asks the Court for reconsideration of its prior rulings and repeats the argument that the statements on the Product's packaging are not puffery.  Opp. at 3-6.  Specifically, Plaintiff argues that the Product's packaging when viewed as a whole represents to consumers that it is a "high protein snack that provides health benefits."  Opp. at 6.  But even if the Product's statements provided context to the term "protein packed"—already a tenuous assertion as the statements mostly discuss protein *generally* as a *nutrient*—the Product's packaging does not induce reliance.  *See* Mot. at 10-11 (citing cases); *see also Stewart v. Kodiak Cakes, LLC*, 568 F. Supp. 3d 1056, 1067 (S.D. Cal. 2021) ("Mere puffery is described as '[g]eneralized, vague, and unspecified assertions'" and "[c]laims of product superiority and vague descriptions of product quality or features are non-actionable puffery."); *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) ("Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim.").

Further, with regard to the statements that the Product makes a great pre- or post- workout snack or that protein is good for building muscle, as discussed in the Motion to Dismiss, *see* Mot. at 12, Plaintiff does not allege that the Product (or protein as a nutrient) does ***not*** actually provide health benefits.  In fact, the FAC avers that "[t]he health benefits of protein are well studied and wide ranging.  Scientific studies have confirmed that protein can assist in weight loss, reduce blood pressure, reduce cholesterol, and control for risk factors for cardiovascular diseases."  *See* FAC ¶ 32.  Thus, Plaintiff has not alleged any deception to reasonable consumers pertaining to

MEMORANDUM OF
POINTS AND AUTHORITIES

health benefits.

Plaintiff's argument that "protein packed" is a nutrient content claim and therefore not puffery also fails.  Even if a statement did technically violate an FDA regulation for nutrient content claims—which is not true here—the statement can still be puffery that fails the reasonable consumer test.  *See, e.g., Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014) (concluding that although "delivers healthful antioxidants" may be a "nutrient content claim," [Plaintiff] [] fails to plead with particularity how precisely a reasonable consumer would be misled . . . or what exactly is misleading about [the statement] aside from the fact that it may technically violate FDA regulations."); *see also, e.g., Victor v. R.C. Bigelow, Inc.*, 2014 WL 12642194, at *5 (N.D. Cal. July 18, 2014) (after the complaint was amended, the court again held that "[t]he challenged products' labeling may be unlawful in the sense that they do not meet FDA regulations, but . . . there is nothing about the claim that makes it, 'by its very nature, misleading.'); *Trazo v. Nestlé USA, Inc.*, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013) ("While regulatory violations might suggest that these statements might be misleading to a reasonable consumer, that alone is not enough to plead a claim under the FAL, CLRA, or the misleading/false advertising prongs of the UCL.").  Accordingly, even if Plaintiff's argument that the packaging does not fully comply with FDA regulations were true, it still does not save Plaintiff's claims.

Further, as this Court already recognized, the fact that Gourmet Nut lists the exact amount of protein in the Product on the Nutrition Facts Panel undermines Plaintiff's contention that a reasonable consumer would be misled by a statement that the Product is "protein packed" or misled by the statements on the back label.  *See* Mot. at 12-13; *see also* Tr. 6:24-7:12 ("[O]ne's eye doesn't even need to pivot to see the 7 grams" . . . .  The allegedly deceptive statements were "modified by the 7 grams that's right there . . . probably within 2 inches on the label at about the same level" especially "after decades of Nutrition Facts being on labels."); *see also, e.g.*, *Stewart v. Kodiak Cakes LLC*, 537 F. Supp. 3d 1103, 1153 (S.D. Cal. 2021) (dismissing Plaintiffs' fraud claims premised on consumer deception through packaging and advertising that contained the statement "protein-packed" where the amount of protein in grams was listed on the front of the

MEMORANDUM OF
POINTS AND AUTHORITIES

1    box and on the Nutrition Facts Label).

2          As the Court pointed out, by alleging that the statements on the back of the Product are

3    deceptive, the Plaintiff  "jump[s] out of the pot and into the frying pan" because the 7 grams of

4    protein per serving statement is also clearly on the back of the Product, *see* Tr. 10:22-12:5, and

5    "[y]ou would have to close your eyes to miss it."  *See* Tr. 6:24-7:12  Even if the statements on the

6    Product somehow led a reasonable consumer to believe that the Product is "high" in protein or an

7    "excellent source" of protein and, therefore, must contain "10 grams or more of complete proteins

8    per serving" (FAC ¶¶ 46-47), a simple glance at the Nutrition Facts Label would have dispelled

9    that belief.  Additionally, reasonable consumers would also not plausibly expect "10 grams or

10   more of ***complete*** proteins" to begin with, which is what Plaintiff argues.  FAC ¶¶ 46-49.

11   Plaintiff's new theory goes beyond what the FDA requires, as the FDA only requires 10 grams of

12   protein (regardless of completeness) for claims of "high" in, "rich in," or an "excellent source" of

13   protein.  21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7).

14         Plaintiff tries to refute Gourmet Nut's "ingredients list defense" by citing to *Williams v.*

15   *Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008).  *See* Opp. at 11.  But the rejection of the

16   "ingredients list defense" in *Williams* is only true insofar as the defendant committed "an act of

17   deception."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-67 (9th Cir 2016) (citing *Williams*, 552 F.3d

18   at 939); *see also Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *14 (S.D. Cal. July 5,

19   2022) ("[U]nder California law, ***only 'if*** the defendant commits an act of deception, the presence

20   of fine print revealing the truth is insufficient to dispel that deception.'") (emphasis added).  But

21   here, again, Plaintiff has not alleged sufficient facts to show that Gourmet Nut committed any act

22   of deception; the exact amount of protein is listed and is not misleading.

23         In an attempt to argue that the "ingredients list defense" has been "universally rejected in

24   the Ninth Circuit," Plaintiff cites to a Second Circuit decision that reaffirms the limitation of

25   *Williams* and holds that allowing defendants to claim a product is made with a specific ingredient

26   even if it hardly contains any of that ingredient would "validate highly deceptive marketing."  *See*

27   Opp. at 11; *see also Mantikas v. Kellogg Co.*, 910 F.3d 633, 638 (2d Cir. 2018).  The facts of this

28   case differ from the facts of *Mantikas* as the ingredients list in *Mantikas* contradicted and

                                                        MEMORANDUM OF
                                                   POINTS AND AUTHORITIES

dispelled the deception of the front label, while here, there was no deception from the front label, only ambiguity at most, which was easily resolved by the Nutrition Facts Panel. *Id.*; *see also* Mot. at 12-13.

Further, as the Court already made clear, reasonable consumers do not keep track of the FDA regulations, do not know the nuanced differences between FDA requirements for "excellent source" vs. "good source," and do not know how to calculate the amount of protein required for different claims based on the RDI or DRV for protein set by the FDA. *See* Oct. 12, 2022 Order, Dkt. No. 31 ("MTD Order") at 4; *see also* Tr. 3:22-4:18 (explaining that a reasonable consumer has "a pretty low level of understanding" and it is "preposterous" to think that an "average consumer follows the FDA and knows that the FDA says that when [the Product is] an ["]excellent source of protein["], that means they're getting 10 grams of protein."). If reasonable consumers did know all of these specialized requirements, they also would know that the regulated terms do not include any of the terms on the Product that Plaintiff complains about. *Id.* In an effort to sidestep this reality, Plaintiff asserts that that "even if the Court were to conclude that 'protein packed' simply means '*contains* protein,' the Product would still be deceptive." *See* Opp. at 11 (emphasis added). But Plaintiff's argument is based on how the FDA defines the word "contain," which underscores the undeniable gap between FDA regulations and Plaintiff's assertions about consumer expectations. *See* FAC ¶ 49 (citing 21 C.F.R. § 101.9(c)(7)(iii)). A reasonable consumer would not expect that a Product that claims to "contain protein" *must* contain between "10 to 19 percent of the RDI or the DRV per reference amount customarily consumed," which the FDA specifies as 50 grams of protein—complete or not—for adults and children over 4 years old. *Id.*; *see also* 21 C.F.R. § 101.9(c)(7)(iii)).

Lastly, in addition to Plaintiff's allegations that the affirmative statements on the Product's label are deceptive, he argues that the omission of the %DV[1] is misleading because (i)

---

[1] The %DV is the corrected amount of nutrient per serving expressed as a percentage of the Reference Daily Intake (RDI) or Daily Reference Value ("DRV"). 21 C.F.R. § 101.9(c)(7)(i)-(iii). For adults and children over 4 years old, there is no RDI for protein. 21 C.F.R. §

MEMORANDUM OF
POINTS AND AUTHORITIES

the omission is contrary to the representation that the Product is "protein packed" and (ii) Gourmet Nut was obligated to disclose the %DV under FDA regulations.  *See* Opp. at 13. Plaintiff admits that "Defendant's duty not to mislead consumers about the quality or nutritional value of the protein in its products ***does not stem*** from either the FDCA or California's Sherman Law."  Opp. at 15 (emphasis added).  Yet Plaintiff fails to address how the omission of  %DV would deceive a reasonable consumer.  As discussed above and in Gourmet Nut's moving papers, the %DV is not contrary to the representation that the Product is "protein packed" because that statement is mere puffery.  *See* Mot. at 10-14.  Including the %DV would not show that the Product is *not* "packed" with protein.  For Plaintiff's FAL claim to survive, he "must identify an actual affirmative statement by [defendant] that was made false by the omission of some material fact."  *Stewart v. Electrolux Home Prod., Inc.*, 304 F. Supp. 3d 894, 908 (E.D. Cal. 2018).  He fails to do so here.

And to demonstrate an obligation to disclose the %DV for purposes of Plaintiff's CLRA and UCL claims, he must allege that "the omission was material."  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018).  Plaintiff does not—and cannot—allege that any such omission was "material."  Omitted information is material if plaintiff sufficiently alleges that "had the omitted information been disclosed, one would have been aware of it and behaved differently," which is judged based on the "expectations of a reasonable consumer and his behavior." *Oestreicher*, 544 F. Supp. 2d at 971 (citations omitted); *see also Elias*, 903 F. Supp. 2d at 856 (internal quotations omitted) ("[A] fact is deemed 'material,' and obligates an exclusively knowledgeable defendant to disclose it, if a 'reasonable [consumer]' would deem it important in determining how to act in the transaction at issue.").  Here, it is implausible that reasonable consumers would deem the %DV important in making a decision about whether to purchase the Product when the amount of protein per serving and all of the ingredients are already listed in the Nutrition Facts Panel.  Even if a reasonable consumer believed that "protein packed" means

101.9(c)(8)(ii)(B)(iv).  For adults and children over 4 years old, the DRV for protein is 50 grams. 21 C.F.R. § 101.9(c)(9) and 21 C.F.R. § 101.9(c)(7)(iii).

1    "high" in, "rich in," or "excellent source of" as outlined by the FDA regulations, the only material

2    fact to determine whether this FDA requirement was met is the amount of protein listed in the

3    Nutrition Facts Panel and not the inclusion of a %DV. 21 C.F.R. § 101.54 ("The terms 'high,'

4    'rich in,' or 'excellent source of' may be used on the label and in the labeling of foods . . .

5    provided that the food contains 20 percent or more of the RDI or the DRV per reference amount

6    customarily consumed.").

7        Plaintiff's fraud-based claims must be dismissed.

8        **B.    Plaintiff Fails To Allege An Inadequate Legal Remedy In Connection With His**
         **UCL, FAL, CLRA, And Unjust Enrichment Claims.**

9

10       As Gourmet Nut argued in its Motion to Dismiss, Plaintiff's allegations foreclose

11   equitable relief in connection with his UCL, FAL, CLRA, and unjust enrichment claims.  Mot. at

12   6-9.  This accords with the Court's Order granting Gourmet Nut's initial motion to dismiss, which

13   held that Plaintiff "must allege the lack of an adequate legal remedy to assert a claim for equitable

14   relief."  *See* MTD Order at 9 (citing *Sonner*, 971 F.3d at 844); *see also Guzman*, 49 F.4th at 1313

15   (relying on *Sonner* and holding that plaintiff "had an adequate legal remedy in his time-barred

16   CLRA claim, [so] the district court lacked equitable jurisdiction to hear [plaintiff's] UCL

17   claim."); *see also* Tr. 5:1-12.  Plaintiff apparently disagrees with the Court's ruling.  He argues

18   that *Sonner* should not apply at the pleadings stage and claims that he need not allege an

19   inadequate legal remedy if he pleads equitable relief in the alternative.  Opp. at 15-16.  Plaintiff is

20   wrong.

21       The *Sonner* opinion is, after all, a decision affirming *dismissal* of a late amended

22   complaint.  971 F. 3d 838.  This Court and many other courts in the Ninth Circuit have correctly

23   applied *Sonner* at the pleading stage.  *See* MTD Order at 8; *see also Fan v. Home Depot U.S.A.,*

24   *Inc.*, 2022 WL 16964099, at *2-3 (E.D. Cal. Nov. 16, 2022) ("Sonner applies at the pleading

25   stage.");  *Williams v. Apple, Inc.*, 2020 WL 6743911, at *9 (N.D. Cal. Nov. 17, 2020) (following

26   *Sonner* and dismissing FAL claim because plaintiff failed to show that it does not have an

27   adequate remedy at law.); *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct.

28   29, 2020) (dismissing FAL and unjust enrichment claims where plaintiff failed to allege an

8

inadequate legal remedy, as required under *Sonner*); *see also, e.g.*, *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021) (collecting cases); *see also Shay v. Apple Inc.*, 2021 WL 1733385, at *3-5 (S.D. Cal. May 3, 2021) (dismissing plaintiff's UCL claim and the equitable relief sought in the CLRA claim for not alleging inadequate remedy at law, as required under *Sonner*).  In fact, one of the cases on which Plaintiff relies also applied *Sonner* at the pleading stage.  Opp. at 16 (citing *Elgindy v. AGA Serv. Co.*, 2021 WL 1176535, at *14 (N.D. Cal. Mar. 29, 2021).

*Guzman*, a recent Ninth Circuit opinion, provides further support for the application of *Sonner* at the pleading stage.  *See Guzman*, 49 F.4th at 1311.  In *Guzman*, the Ninth Circuit reversed a grant of summary judgment because it held that ***dismissal***, not summary judgment, is the proper avenue for handling a lack of equitable jurisdiction.  *Id.* at 1313 (emphasis added).  *Guzman* also explicitly rejected attempts to limit *Sonner* to its particular facts or procedural posture, stating that "[n]othing in *Sonner*'s reasoning suggested that its holding was limited to cases in which a party had voluntarily dismissed a damages claim to avoid a jury trial."  *Id.*  Accordingly, *Sonner* applies at the pleading stage.

Further, "the issue here is not whether a pleading may seek distinct forms of relief in the alternative, but [ ] whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy."  *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) (dismissing Plaintiffs' UCL, CLRA, and unjust enrichment claims because "[i]n light of the foregoing, [plaintiffs] 'must establish that [they] lack[ ] an adequate remedy at law before securing equitable restitution for past harm'" and plaintiffs did not make that showing).  *Sonner* squarely holds that it does not.  *Id.*; *Sonner*, 971 F.3d at 844.  Thus, to establish equitable jurisdiction to proceed with the action, Plaintiff must allege an inadequate legal remedy ***now***—not "hypothetically and . . . alternative[ly]" in the future.  *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017); *see also, e.g.*, *Shay*, 2021 WL 1733385, at *5 ("A contingent event does not support an allegation that Plaintiff has an inadequate remedy at law.").  It does not matter that Plaintiff may have no remedy if his other claims fail because equitable relief is unavailable where the claims pleaded entitle him to an adequate remedy at law.  *See*

MEMORANDUM OF
POINTS AND AUTHORITIES

*Munning*, 238 F. Supp. 3d at 1203; *see also Sonner*, 971 F.3d at 844 ("Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA.").

And, in any event, Plaintiff does not plead equitable relief in the alternative because all of his claims—regardless of whether they seek equitable or legal relief—are rooted in the same theory and factual allegations. *See In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) ("[W]here the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." (citation omitted)); *see also Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *4-5 (N.D. Cal. Apr. 11, 2017) (granting motion to dismiss UCL claim where plaintiff "fail[ed] to explain how damages [were] inadequate to compensate" for the "exact same alleged harm that form[ed] the basis of [his] request[ ] for ... restitutionary" relief (internal quotation and citation omitted)), and instead contends her equitable claims are appropriately pled "in the alternative."); *see also In re MacBook Keyboard Litig*, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020) (The *Sonner* question "is not premature on a motion to dismiss" because "the question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all.").

Accordingly, Plaintiff fails to allege an inadequate remedy at law to support his UCL, FAL, CLRA, and unjust enrichment claims, and his reliance on the argument that he can plead equitable relief and damages in the alternative as a means to circumvent *Sonner* fails.  Since UCL, FAL, and unjust enrichment are exclusively equitable in nature, these claims must be dismissed in their entirety.

## C.     Plaintiff Fails To State A Claim For Unjust Enrichment.

Plaintiff's unjust enrichment claim fails because Plaintiff has not pleaded it as a remedy for any other cause of action.  *See* Mot. at 14.  Again, the Court already made this clear in its prior Order, yet Plaintiff still fails to address this deficiency.  MTD Order at 7 ("Unjust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action."); *see also* Tr. 4:23-25 ("[Unjust enrichment] can only be in the alternative."); *see also* FAC ¶¶ 141-146.

MEMORANDUM OF
POINTS AND AUTHORITIES

Despite the Court's prior Order, Plaintiff continues to argue that unjust enrichment is a valid standalone claim under California law even if not tethered to another valid claim. *See* Opp. at 16-17. Plaintiff cites to two district court decisions that both rely on the same Ninth Circuit opinion from 2017, which allowed an independent claim for unjust enrichment to proceed. *Id.*; *see also Wallace v. SharkNinja Operating, LLC*, 2020 WL 1139649, at *13 (N.D. Cal. Mar. 9, 2020) (quoting *Bruton v. Gerber Prod. Co.*, 703 Fed. App'x 468, 470 (9th Cir. 2017)); *see also Carvalho v. HP, Inc.*, 2022 WL 2290595, at *6 (N.D. Cal. June 24, 2022). While California courts have historically been split on this issue, *see Cox v. Old Republic Nat'l Title Ins. Co.*, 2016 WL 301974, at *14 (N.D. Cal. Jan. 25, 2016), *aff'd*, 743 F. App'x 104 (9th Cir. 2018) (Freeman, J.), the Ninth Circuit recently affirmed a district court's decision to dismiss an unjust enrichment claim on the basis that unjust enrichment is ***not*** a standalone claim. *See Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *2 (9th Cir. June 3, 2022). The Ninth Circuit further held that "[u]njust enrichment can be alleged to the extent it represents a remedy for some other valid cause of action." *Id.* In ruling on Gourmet Nut's previous motion to dismiss, this Court properly followed this precedent, cited to *Klaehn*, and dismissed Plaintiff's unjust enrichment claim for not being "tie[d]…to any other claim." *See* MTD Order at 7; *see also Klaehn*, 2022 WL 1830685 at *2. Plaintiff's repackaged arguments do not stand.

But even if the Court accepts that Plaintiff has adequately alleged a claim for unjust enrichment as a remedy for another claim, it still fails. *See* Tr. 9:13-15 ("[Unjust enrichment] would fall with the [other causes of action] if they fall, and it would continue to live if the others live because it's clearly an alternative claim."); *see also Punian v. Gillette Co.*, 2016 WL 1029607, at *18 (N.D. Cal. Mar. 15, 2016) ("If a plaintiff's underlying causes of action fail," a claim for unjust enrichment must fail as well because it "cannot stand alone as an independent claim for relief."). As such, Plaintiff's unjust enrichment claim must be dismissed.

## II.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL LAW

The gravamen of Plaintiff's claims is that the use of "protein packed" and other statements on the Product's packaging deceived reasonable consumers into believing that the Product contained "10 grams or more of *complete* proteins per serving." *See* FAC ¶¶ 16-17, 43-55, 86-88,

MEMORANDUM OF
POINTS AND AUTHORITIES

91-93 (emphasis added).  Plaintiff relies on federal regulations governing nutrition labeling, specifically nutrient content claims.  *See id.* ¶¶ 7-11, 37-38 47-50, 63-68 (citing 21 C.F.R. § 101.54 and 21 C.F.R. § 101.9(c)(7)).  But in so alleging, Plaintiff seeks to regulate terms that are not regulated by the FDA (which Plaintiff concedes, Opp. at 8).  Plaintiff also claims that it was deceptive to not list "complete proteins" per serving in the Nutrition Facts Panel, *see* FAC ¶ 47, even though 21 C.F.R. § 101.9(c)(7) does not require the protein per serving portion of the Nutrition Facts Panel to factor in protein *quality*.  Thus, Plaintiff seeks to enforce purported rules that differ from FDA regulations.  Plaintiff's claims are, therefore, expressly preempted by federal law, and nothing in Plaintiff's Opposition compels a different conclusion.  *See* 21 U.S.C. § 343-1(a)(4) and (5); *see also Clark v. Perfect Bar, LLC*, 816 F. App'x 141, 143 (9th Cir. 2020) ("The NLEA preempts all state law claims that directly or indirectly establish any requirement for the labeling of food that is not identical to the federal requirements.").

Notably, all of the cases that Plaintiff cites in response to the preemption issue—*Clancy, Gustavson, Vassigh, Lanovaz,* and *Salazar*—exclusively address antioxidant-related claims and are easily distinguishable.  *See* Opp. at 8-9; *see also Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 575 (N.D. Cal. 2013); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1120 (N.D. Cal. 2013); *Vassigh v. Bai Brands LLC*, 2015 WL 4238886, at *7 (N.D. Cal. July 13, 2015); *Lanovaz v. Twinings N. Am., Inc.*, 2013 WL 675929, at *5 (N.D. Cal. Feb. 25, 2013); *Salazar v. Honest Tea, Inc.*, 2015 WL 75223, at *5 (E.D. Cal. Jan. 6, 2015).  Antioxidant-related claims have their own requirements under Section 101.54(g), which are triggered when there is generally "[a] nutrient content claim that characterizes the level of antioxidant nutrients present in a food."  Plaintiff's cases establish that certain statements regarding antioxidants, such as "source of," "natural source," and "packed with antioxidants," may qualify as "nutrient content claims that characterize the level of antioxidant nutrients present in a food" and would thereby be regulated under Section 101.54(g).  *See Vassigh*, 2015 WL 4238886, at *7 ("A defendant cannot escape liability [under Section 101.54(g)] simply because it uses a synonym . . . . The touchstone inquiry is whether the statement either expressly or implicitly characterizes the level of a nutrient in the product.").  However, this does not save his claims regarding "protein packed" from preemption,

MEMORANDUM OF
POINTS AND AUTHORITIES

1   which are subject to different regulations.

2   As Plaintiff also concedes, to even establish terms as sufficiently synonymous to FDA

3   regulated terms for purposes of Section 101.54(g), courts rely heavily on FDA guidance letters,

4   yet Plaintiff does not provide a single letter of this sort for the term "protein packed."  *See* Opp. at

5   8-9; *see also Clancy*, 308 F.R.D. at 575; *Gustavson*, 961 F. Supp. 2d at 1121-22; *Vassigh*, 2015

6   WL 4238886, at *7; *Lanovaz*, 2013 WL 675929, at *5; *Salazar*, 2015 WL 75223 at *4.  Plaintiff

7   cannot unilaterally declare terms as synonyms to FDA regulated terms without any support.

8   Furthermore, none of the cases to which Plaintiff cites pertain to the enforcement of

9   101.54(b) or 101.54(c), which are the FDA regulation sections that Plaintiff actually seeks to

10  enforce.  These two sections are not triggered by nutrient content claims *generally*, unlike Section

11  101.54(g); rather, they are triggered by a limited subsection of nutrient content claims that

12  specifically use the terms "high" "rich in" "excellent source of" "good source," etc.—none of

13  which are used by Gourmet Nut.  To put it simply, Plaintiff's cases fail to establish that "protein

14  packed" would trigger the requirements of Sections 101.54(b) and (c), even if Plaintiff could

15  show that the FDA recognizes "protein packed" as a synonym of these listed terms.[2]

16  In fact, in July 2022, Judge Anello held that claims regarding "FIT" are expressly

17  preempted even though the relevant FDA requirement regulates the term "'healthy' *or related*

18  *terms* (e.g., " health," "healthful," "healthfully," "healthfulness," "healthier," "healthiest,"

19  "healthily," and "healthiness").  *See Vitiosus*, 2022 WL 2441303, at *3-6 (emphasis added).  The

20  court held that "FIT" was plausibly pled as a synonym of "healthy," but because it is not a

21  *derivative* of the word "healthy" the FDA's definition of "healthy" does not apply to "FIT."  *Id.*

22  Here, 101.54(b) and (c) do not even include an option for "related terms" and Plaintiff has failed

23  to provide any authority to establish that "protein packed" is a recognized synonym, so there is no

24  reason to arbitrarily and unnecessarily extend FDA's enforcement scope where there is clear

25

26  [2] Not to mention that the Product cannot trigger a requirement to disclose the total grams of

27  *complete* proteins in the Nutrition Facts Panel despite this not even being a requirement under the

28  FDA regulations.

MEMORANDUM OF
POINTS AND AUTHORITIES

1 textual language to the contrary. *See also, e.g.,* W*alker v. ConAgra Foods, Inc.*, 2016 WL

2 9087336, at *2-3 (N.D. Cal. Mar. 23, 2016) (holding that the FDA regulates the phrase "No Trans

3 Fat" but does not regulate the phrase "0g Trans Fat" so the claims based on "0g Trans Fat" are

4 preempted). Plaintiff does make any attempt to distinguish the cases cited in the Motion.

5     Thus, the requirements Plaintiff is seeking to enforce are not identical to FDA regulations.

6 As such, Plaintiff's claims relating to the affirmative statements on the Product are preempted by

7 federal law.

8     **III.**     **PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE INJUNCTIVE**

9           **RELIEF**

10     Plaintiff lacks standing to seek injunctive relief. *See* Mot. at 14-17. Neither the First

11 Amended Complaint nor Plaintiff's Opposition alleges facts that establish an actual and imminent

12 threat of future injury. *See City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983).

13     Despite requesting injunctive measures such as relabeling and improper ingredient

14 reformulation in his FAC, *see* FAC ¶ 17, Plaintiff's Opposition now seemingly clarifies that he

15 only seeks relabeling and not a mandatory injunction to change the Product's ingredient

16 composition, which this Court has made clear that it cannot issue. *See Broomfield v. Craft Brew*

17 *All.*, 2017 WL 3838453, at *11 (N.D. Cal. Sept. 1, 2017) (Freeman, J.); *see also* Tr. 13:15-19 ("I

18 can't ever, under any injunction, order [Gourmet Nut] to change the recipe of their product.").

19 However, this clarification fails to save his claims for injunctive relief.

20     Regarding Plaintiff's request for relabeling, even if the label of the Product were

21 deceptive (it is not), Plaintiff cannot and has not plausibly alleged that he would be deceived by it

22 in the future. As discussed in Gourmet Nut's Motion, not only does Plaintiff now know that the

23 Product contains 7 grams of protein per serving and where exactly to find this information, he

24 also knows that those 7 grams are not "complete" proteins based on the types of nuts listed in the

25 ingredient list and his awareness of their protein quality. *See* Mot. at 15-16. Based on this

26 knowledge, he would not be misled into purchasing this Product again in the future. *See*

27 *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, 2020 WL 5910071, at *8 (N.D. Cal. Oct. 6, 2020)

28 (Freeman, J.) ("Given what [p]laintiff knows about [d]efendants' products and his preference[s] .

MEMORANDUM OF
POINTS AND AUTHORITIES

1  . . , the Court does not find it plausible that he would be misled into purchasing these [p]roducts

2  in the future."); *see also Jackson v. Gen. Mills, Inc.*, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28,

3  2020) (holding that there was no Article III standing to seek injunctive relief because "where a

4  plaintiff learns information during litigation that enables her to evaluate product claims and make

5  appropriate purchasing decisions going forward, an injunction would serve no meaningful

6  purpose as to that plaintiff").

7       Accordingly, Plaintiff has not alleged any actual and imminent threat of injury to establish

8  Article III standing to seek injunctive relief.

9  **CONCLUSION**

10       For the foregoing reasons, Gourmet Nut respectfully requests that the Court grant its

11  motion to dismiss and dismiss the claims with prejudice.

12

13    Dated:    January 27, 2022          **HOGAN LOVELLS US LLP**

14                                       By: /s/ *Christopher J. Cox*

15                                        Christopher J. Cox (Bar No. 151650)
                                      Vassi Iliadis (Bar No. 296382)

16                                          Christine Wang (Bar No. 343163)
                                      855 Main St., Suite 200

17                                        Redwood City, CA 94063
                                      Telephone:  (650) 463-4000

18                                        Facsimile:  (650) 463-4199
                                      chris.cox@hoganlovells.com

19                                        vassi.iliadis@hoganlovells.com
                                      christine.wang@hoganlovells.com

20

21                                        *Attorneys for Defendant*
                                      Gourmet Nut, Inc.

22

23

24

25

26

27

28

MEMORANDUM OF
POINTS AND AUTHORITIES